LOTTINGER, Judge.
This suit was filed by Cursey Ortego against Southern Industries Company for Workmen’s Compensation for injuries sustained by petitioner while working as an employee of said company. The Lower Court awarded compensation payments at *74 the rate of $30 per week for a period from August 3, 1953 through March 10, 1954. The defendant has taken this appeal.
The defendant admitted that petitioner worked for the company and that his weekly wage was such that his compensation payment would be $30.00 per week, if any. The petitioner admitted that his disability terminated as of March 10, 1954.
The petition alleges that petitioner was injured on July 13, 1953. His testimony is to the effect that at about 9:30 o’clock on a Monday morning, he was pulling a dolly filled with paper when he slipped and fell, striking his back and head. He immediately complained to persons with whom he was employed and was taken to the defendant’s doctor, Dr. Charles Saint. Dr. Saint examined the petitioner and told petitioner to return home and rest. Following the advice of the doctor, petitioner returned to his home in Ville Platte, riding in a car with Hillard Guillory, Conrad LaFleur, Walter Vidrine and Elius Vidrine, all of whom testified that petitioner was complaining of a back injury.
The following day, petitioner was examined by his own doctor, Dr. R. E. Dupre of Ville Platte, who diagnosed the injury as “lumbosacral strain with possible ruptured disc.” He was placed in Dr. Dupre’s hospital where he remained for six days. During this period he was given extensive medical treatment. On August 10, 1953, petitioner returned to consult with Dr. Saint, who made an appointment for him to be examined by Dr. P. M. Davis, Jr., an orthopedic surgeon of Alexandria, Louisiana. Dr. Davis diagnosed petitioner’s injury as an “acute lumbosacral strain,” and felt that he should be able to return to light work in two or three weeks, and full duty in about four weeks.
After being examined by Dr. Davis, petitioner again returned to consult with Dr. Saint. On this occasion they had words which ended when Dr. Saint told petitioner to leave his office and not return. It appears from the evidence that petitioner was not cooperative with Dr. Saint’s examination, and refused to be hospitalised in Elizabeth or Alexandria.
On this same date petitioner returned to Ville Platte where he was again hospitalized by Dr. Dupre until August 23, 1953. After his discharge from the Dupre clinic, petitioner continued to make frequent visits to the clinic through March 1, 1954. On September 3, 1953, he was sent to Dr. Meule-man for his orthopedic examination, and later returned to Dr. Meulcman for an additional examination on September 28, 1953. Dr. Meuleman also found the back injury, which was improved on his last examination of September 28, 1953.
As stated above, Dr. Dupre treated petitioner until March 1, 1954. Dr. Dupre testified that petitioner was continuously disabled from the date of the accident until such time as he went back to work sometime in March, 1954.
The Lower Court awarded compensation to petitioner in the amount of $30 per week from August 3, 1953, through March 10, 1954. The Court also awarded medical expenses in the amount of $504.27.
Several points have been raised for decision by this Court. These points are as follows:
(1). Did petitioner prove that he sustained an accident causing injury on the date and time alleged in his petition?
(2). If petitioner did sustain such injury, what was the extent and duration of disability resulting therefrom ?
(3). If petitioner did sustain such injury, is he barred from recovery because he refused to submit to a physical examination or for not going to a specific hospital suggested by defendant’s doctor ?
(4). Are the medical expenses unreasonably high, and do they include treatment for complaints not caused by the accident?
(5). Is petitioner entitled to penalties and attorney fees for the alleged arbitrary and capricious refusal of defendant to pay compensation and medical benefits?
*75 The first question concerns the date of the accident. It was alleged in the petition that the accident occurred “on or about July 13, 1953.” The facts show, however, that the accident occurred on August 3, 1953. This date is established by the records of Dr. Saint, to whom the petitioner immediately reported after the accident, and also by the employment records of the company which show that this was the last day that petitioner worked. The defendant claims that the error in date was fatal to the petitioner’s case, in that it was conclusively shown that no accident occurred to petitioner on said date.
The Lower Court did not believe that the error was such as to mislead the defendant. The allegation in the petition states that the accident occurred “on or about the 13th day of July, 1953, in the course of his employment with the defendant, in Allen Parish, while attempting to pull a loaded dolly, your petitioner slipped and fell backwards on his back, neck and head, causing him severe pain, and he was immediately treated by Dr. Saint of Elizabeth, Louisiana.” The company records conclusively show on what date petitioner complained to the company doctor, and further show on which date the petitioner stopped working. We do not believe that the date was sacramental, particularly in view of the fact that it was alleged to have occurred “on or about” a certain date, and for the further fact that the company had full knowledge of the accident. The record shows that petitioner’s foreman made a report of the accident for the company.
Defendant cites Burk v. Gulf Refining Co., La.App., 171 So. 135, in support of its claim that the error in date was fatal. We do not believe that the holding of the Burk case would apply here. In the Burk case, the date was specific, whereas here it was alleged “on or about.” Furthermore in the Burk case it was not shown that the company had full knowledge of the accident, whereas in the instant case the defendant had complete and full knowledge of the accident alleged. We, therefore, concur with the Lower Court’s holding that the error in date was not fatal, and that defendant was in no way prejudiced by the admission of evidence indicating that the accident occurred on August 3, 1953.
As to the extent and duration of the disability, we feel that the record shows that petitioner suffered a lumbosacral strain which persisted from the date of the accident until the petitioner returned to work in March of 1954. True there was some discrepancy as to when petitioner would be able to return to work, but this discrepancy was caused by the fact that some of the doctors merely examined the petitioner on one occasion or two, and that they then stated that he should be able to return to his regular work within a certain period of time. Dr. Dupre, who treated petitioner throughout the injury testified that he was unable to return to work until such time as he actually returned to work, which was on March 10, 1954. We, therefore, feel that the Lower Court was correct in its conclusions on this point.
As to petitioner’s refusal to submit to a physical examination, and to accept hospitalization, by the company doctor, the record shows that petitioner returned to Dr. Saint for an examination on August 13, 1953. Dr. Saint offered petitioner hospitalization in his hospital in Elizabeth or Alexandria. Petitioner, however, refused to be hospitalized in either of those places and insisted that he be returned to Ville Platte. He further refused to be examined by Dr. Saint. The record shows that, immediately following said incident, petitioner returned to Dr. Dupre and was placed in Dr. Dupre’s clinic for further treatment. As to this point, the Lower Court said:
“In short plaintiff was obstreperous, he would not cooperate with Dr. Saint in the physical examination; he would not consent to be hospitalized at Elizabeth or in Alexandria but insisted on hospitalization in Village Platte. However, as against these facts it must be noted that plaintiff had sustained an accident while working for defendant; that he had sustained a lumbo sacral strain as a result of it; that defend *76 ant’s Dr. Davis an orthopedic surgeon of Alexandria had examined plaintiff on August 10 and-had found that plaintiff was suffering from an acute lumbo sacral strain.which would disable him for several more weeks; that Dr Saint knew that Dr. Dupre in Ville Platte had been treating plaintiff; that Dr. Saint knew that when plaintiff left his office on August 13, he was returning to Dr. Dupre’s Clinic for further hospitalization. Under these circumstances it appears- to this court that before defendant can deny all liability to the plaintiff on these grounds, defendant should put plaintiff on notice as to the effect of his actions and state positively in writing that if plaintiff refuses certain tendered treatment, that defendant intended for that reason to deny all liability.”
We feel that the Lower Court was correct in the above reasoning and its decision on said point will be affirmed.
The record shows that the medical expenses, as claimed by petitioner, were high. Dr. Dupre’s total bill was in the sum of $728.90. This included Dr. Meuleman’s examination and x-rays which totaled $55. It appears that the bill included certain treatment which was not required by petitioner’s accident. Although it was difficult to determine the amount of said treatment, the Lower Court reduced Dr. Dupre’s bill to the sum of $449.27 plus $55 for Dr. Meuleman’s services.
As to the question of penalty and attorney fees for defendant’s refusal to make compensation payments, we do not feel that same would apply to this factual situation. The law limits the payment of penalty and attorney fees to suits against insurance companies. Here the suit is against the employer company itself, and so the Lower Court was correct in refusing to allow penalty and attorney fees.
In general, we feel that the Lower Court rendered a very competent and well reasoned opinion. We have been unable to find any error therein, and, therefore, the decision, below will be affirmed.
For the reasons assigned, the decision of the Lower Court is affirmed, all costs to be paid by defendant.
Judgment affirmed.
TATE, J., was recused, and PRESTON L. SAVOY, acted as Judge ad hoc.