SAVOY, Judge ad hoc.
This is a suit under the Workmen’s Compensation Act LSA-R.S. 23:1021 et seq., of this state filed by plaintiff against his employer, Republic Drilling Company, Inc., and its insurer, The Travelers Insurance Company, for total and permanent disability at the maximum weekly compensation *269 rate, also for attorney fees, penalties and medical expenses.
The trial court rendered judgment for plaintiff as prayed for, with the exception that he rejected plaintiff’s demands for attorney fees and penalties.
Plaintiff appealed to this court asking that the judgment of the trial court be amended so as to allow him attorney fees and penalties.
Defendants did not appeal from the judgment of the lower court, but they did answer the appeal asking that the decree of the trial court be amended by reducing the statement for the medical expenses, and surgery fee rendered to plaintiff by Atta-way Clinic and Hospital and by Dr. C. L. Attaway, respectively.
In oral argument made by counsel for defendants, he now concedes that the award made by the trial judge granting plaintiff total and permanent disability is proper under the evidence adduced at the trial in the lower court.
There are only two questions for determination on this appeal, namely:
(1) Should plaintiff be awarded attorney fees and penalties?
(2) Should the medical fees granted to the Attaway Clinic and Hospital and to Dr. C. L. Attaway be reduced as being too high?
We shall discuss the issues in the order presented by counsel for defendants in brief and in oral argument.
Attorney Fees and Penalties
Defendants contend that they should not be taxed for attorney fees and penalties for the reason that plaintiff was injured on the job a short time before he suffered the injury complained of. Defendants say that they were having a difficult time finding witnesses to the accident to determine whether the accident could have occurred as the claimant had alleged. Furthermore, there was no report from the attending physician as to plaintiff’s condition.
The Court has examined the record and has come to the conclusion that the delay in making compensation payment by defendants to plaintiff was pure neglect on their part. Defendants did not contest the disability portion of the judgment in this Court.
In the recent case of Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895, the Supreme Court of this state granted attorney fees and penalties. In the Humphreys case, supra, the writer of this opinion was the trial judge in the district court. I disallowed attorney fees and penalties on the theory that there was a serious dispute as to the liability of the defendants. The Court of Appeal reversed the district court in a two to one decision and allowed attorney fees and penalties. Writs were granted to the Supreme Court. After two hearings in the Supreme Court, the judgment of the district court was reinstated, but the attorney fees and penalties allowed by the Court of Appeal were allowed to stand.
The Court is of the opinion that plaintiff is entitled to attorney fees in the sum of $750, and that plaintiff is entitled to penalties of 12 per cent as fixed by LSA-R.S. 22:658.
Medical Expenses and Fees
The record shows that plaintiff stayed in the Attaway Clinic and Hospital located at Ville Platte, Louisiana, a period of fourteen days. The statement of Dr. Attaway for surgery was $200. Dr. Meul-eman testified that the hospital bill, including surgery, should not have exceeded $450.
The Court is of the opinion that the statement rendered by Dr. C. L. Attaway and his clinic for $778 is excessive. Dr. Atta-way testified that after a hernia operation a patient usually remains ten days at his clinic. The reason for the extra four days *270 stay by plaintiff in the case at bar was for observation of a knee injury.
Dr. Attaway was qualified by the Court as a general practitioner and ' does not possess the qualifications of an orthopedic surgeon. In line with our holding in Ortego v. Southern Industries Co., La.App., 88 So.2d 73, the award for medical expenses is hereby reduced to $450.
For the reasons assigned, the judgment of the lower court is amended by awarding plaintiff penalties against defendant, The Travelers Insurance Company, in the amount of 12 per cent on all weekly compensations which are now due, or which might become 60 days overdue, together with attorney fees payable to plaintiff in the sum of $750; by reducing the medical expenses owing to the Attaway Clinic and Hospital and Dr. C. L. Attaway to the sum of $450; and as amended, the judgment is affirmed.