152 So.2d 231 (1963)
Donald GISEVIUS
v.
JACKSON BREWING CO. and Employers' Liability Assurance Co., Ltd.
No. 960.
Court of Appeal of Louisiana, Fourth Circuit.
April 1, 1963.
Rehearing Denied May 6, 1963.
Certiorari Refused June 28, 1963.
Frederick J. Gisevius, Jr., Robert F. Shearman, John G. Discon and George M. Leppert, New Orleans, for plaintiff and appellant.
Drury, Lozes & Dodge, James H. Drury, New Orleans, for defendants and appellees.
Before McBRIDE, YARRUT and HALL, JJ.
McBRIDE, Judge.
Donald Gisevius, aged 36, appealed from the judgment dismissing his suit against his former employer, Jackson Brewing Company, and its workmen's compensation insurance carrier, Employers' Liability Assurance Co., Ltd., for workmen's compensation as for permanent and total disability at the maximum rate for 400 weeks; plaintiff alleged that he had met with an accident during the scope and course of his employment as pipe fitter "on or about May 1, 1961, or shortly subsequent thereto." The defense tendered is a denial of liability; the answer admits plaintiff reported he had sustained an accident on May 28, 1961, and that he was earning wages in excess of $100 per week.
After a trial on the merits the suit was dismissed because the trial judge concluded that "plaintiff has not sustained the burden of proof." The judge, in his reasons for judgment, pointed out the vague manner in which plaintiff alleged the date of the accident and also that he had stated to the employer that he was injured on May 28, 1961, when as a matter of fact he was not working on that date which was a Sunday. *232 The reasons also recite: "There are other inconsistencies in plaintiff's case. Thus although he contends he was disabled when he was let out of work in August, 1961, he nevertheless signed written statements to the effect that he was able to work when he applied for and was paid unemployment compensation."
We agree that the allegation that the accident happened "on or about May 1, 1961, or shortly subsequent thereto" is exceedingly vague and general, but the fact that such vagueness exists should not militate against plaintiff's right of recovery if he did meet with an accident. If for any reason the defendants were placed in a disadvantageous position because of the allegation as made by plaintiff, then they should have resorted to the exception of vagueness in order to exact a more specific averment as to the date plaintiff might have been injured. They should not now be heard to complain of the allegation. Nor is it such an "inconsistency" as would tend to discredit plaintiff.
The evidence shows that plaintiff did not work on Sunday, May 28, 1961. However, there is no dispute he had worked overtime for several hours on the previous Sunday, May 21, 1961. He alleged and testified that in attempting to arise from a cramped position in which he was working in his employer's cellar, he forcibly struck the "crazybone" of his left elbow on a steel beam. He claims he did not deem it necessary to report the accident immediately, and sought to "shrug it off." He "rubbed his arm" during the following week, but "the first I really knew I had an injury I reported it." The record shows that an accident was not reported until June 6, 1961, when the claimant told his employer's nurse that he had sustained an injury to his left elbow. The nurse wrote into the report, which plaintiff signed, that the accident happened on May 28, 1961, but plaintiff is contending that he did not give that date to the nurse and that she must have taken it upon herself to place it in the report. Plaintiff lost no time from his duties. The nurse administered first aid heat therapy. Then on June 9, 1961, when plaintiff still suffered pain, he was referred to the company doctors for examination and treatment. He continued to work full time, except for an hour or two each day for three days, June 9, 10, and 12 when he went to the physicians for treatment, doing the same work, that is, as a pipe fitter, until he was notified on August 11, 1961, that he and other employees would be laid off. Upon his termination plaintiff sought unemployment compensation.
There is testimony pro and con as to whether plaintiff complained to his foreman or co-workers that his arm was injured. The foreman and some of the employees testified that plaintiff made no such complaint, while, on the other hand, plaintiff testified he did tell them that he had been hurt. One Cordez, a fellow workman, testified that he was not present when the accident happened, but that later on, while on the job with plaintiff, the latter complained about his elbow hurting.
After carefully reading, sifting and analyzing the testimony, our conclusion must be that such an accident as plaintiff described befell him on Sunday, May 21, 1961, about 9:30 a. m., during the course and scope of his work as pipe fitter for the defendant-employer. We do not attach the same importance to the harmless inconsistencies as may exist as did the trial judge. The representation plaintiff made in writing to the Louisiana Division of Employment Security that he was able to work is not so important as to affect his veracity in this suit to recover workmen's compensation for his injuries. For all we know it may be that plaintiff was able to do some work and that in stating his availability for work, it might have been that he meant work that he then had the ability to do. It is certain he could not have carried out the strenuous duties of a pipe fitter, but his injuries may not have inhibited him from engaging in other and lighter pursuits.
*233 The trial judge also stated in his reasons for judgment: "I am not deciding the case on the veracity of the witnesses. I am merely holding that plaintiff has not established his case with the certainty that the law requires." If our esteemed brother below had entertained any thought that claimant was unworthy of belief, we think he would have said so. His honor merely thought plaintiff, due to the "inconsistencies" as to the date, had not shown an accident had happened. We find nothing in the record which would lead us to believe that plaintiff is asserting a false claim and that in truth there had been no accident. On the contrary, there are positive statements of plaintiff made at times unsuspicious which give the approximately correct time of the accident. For instance, the company surgeon's report dated June 9, 1961, shows that plaintiff informed the surgeon that the accident had happened "approx 3 weeks ago" and the X-ray report of the same date contains the recitation that plaintiff "bumped elbow on beam about three weeks ago." Furthermore, on the day he was hurt a "barbecue" was taking place in plaintiff's yard at which his nextdoor neighbors were present. The claimant's wife and a neighbor testified to the effect that when plaintiff returned from work on that Sunday he complained he had injured his elbow on the job that day. We are impressed with plaintiff's apparent honesty and sincerity.
In cases coming under the Workmen's Compensation Law all a person has to do is to prove his case by a preponderance of evidence as in any other civil case, but this does not mean that the plaintiff's testimony must be supported by testimony from another witness or witnesses. The testimony of a plaintiff alone may be sufficient to prove an accident; however, this is subject to the condition that there is nothing appearing which impeaches or discredits plaintiff and his testimony is supported by the circumstances. We see nothing which would impeach or discredit plaintiff and our appreciation of the record is that certain circumstances existing therein fully substantiate his contention.
In Ortego v. Southern Industries Co., La. App., 88 So.2d 73, there was a variance between the petition which alleged that the accident happened "on or about July 13, 1953" and proof that the accident had actually occurred on August 3, 1953. The court held that the mere error in alleging the date was not fatal to the claimant's case in that it was conclusively shown that no accident occurred on the alleged date and that the error was not such as to mislead defendant.
In the case of Gagliano v. Boh Bros. Const. Co., La.App., 44 So.2d 732, the allegation of the petition erroneously set forth the date of the accident. Our predecessor said:
"* * * It is true that Gagliano was confused and vague as to when the accident happened, but after a careful consideration of all the testimony on that point, our minds are free of doubt that he did meet with an accident on or near the alleged date. * * *

* * * * * *
"It is the settled law, in ordinary cases, that the allegata and the probata should conform, but by specific provisions imbedded in the Workmen's Compensation Act the usual rules which govern ordinary cases are relaxed, and the parties are not to be bound by technical rules of evidence or procedure. In all jurisdictions, these statutes have been said to be paternal in their nature."
Nor should sight of LSA-R.S. 23:1295 be lost. It is there provided:
"A notice given under the provisions of this Sub-part shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his detriment *234 thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this Chapter if it is shown that the employer, or his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."
Defendants were not prejudiced in any manner by what unimportant confusion may have resulted even if it be a fact that claimant at first stated that May 28, 1961, was the date of the accident. Nor was the employer misled to its detrimentits officials knew on which Sunday plaintiff had worked.
The employer's physician, Dr. A. N. Sam Houston, an industrial surgeon but not an orthopedist, rendered a report dated September 28, 1961, to the defendant insurer to the effect that "one would have to state that he (the claimant) would not be able to seek new employment in which he would be required to do heavy work, and on this basis, he would have to be paid compensation." This report is part of the evidence and shows that on the date on which it was written the defendant's medical expert thought claimant was incapacitated from carrying on heavy work such as is performed by one engaged in the occupation of pipe fitter.
But, in the teeth of the above-quoted statement appearing in Dr. Houston's written report, we find that the doctor in his testimony on the trial, while admitting the claimant had tenderness over the lateral epicondyle and still complained of pain, stated: "I couldn't say if anything is wrong with him."
Dr. George C. Battalora, Sr., an orthopedist, saw the claimant on two occasions and submitted a written statement which was admitted into the evidence. Dr. Battalora also appeared on the witness stand in plaintiff's behalf at the new trial which the lower court had granted. From the evidence supplied by Dr. Battalora, we are of the firm opinion that plaintiff is totally and permanently disabled as a result of the accident from doing work of any reasonable character in that he cannot engage in any heavy work and it would be impossible for him to carry out the duties required of a pipe fitter as such work would aggravate his pain and disability. Dr. Battalora states plaintiff's condition, described as tendontitis in the extensor mechanism at the left elbow, is painful. When he first saw plaintiff he prescribed medication and a week later, upon plaintiff's second visit, when no improvement was shown, the doctor advised the sectioning of the common extensor tendon just distal to the lateral condyle of the humerus, which is said not to be a major surgical procedure. There was no doubt in Dr. Battalora's mind that plaintiff's condition probably was initiated by trauma such as by the striking of the elbow against a steel beam.
In addition to compensation plaintiff also prays that he be allowed to recover whatever medical expenses he had incurred or which he might incur in the future. Plaintiff cannot recover for medical expenses as he has not proven any; neither can he recover for future expenses because in workmen's compensation cases future medical expenses may not be allowed. But in all fairness plaintiff's right to claim any future medical expenses he incurs should be reserved unto him. Rosenquist v. New Amsterdam Casualty Company, La.App., 78 So.2d 225.
Plaintiff also prays that the fee of his medical expert witness be fixed, and we think Dr. Battalora is entitled to a fee of $100, the same to be taxed as costs herein.
For the above reasons the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that plaintiff have judgment against the defendants, in solido, for workmen's compensation at the rate of $35 per week, commencing May 21, 1961, not to exceed 400 weeks (defendants to be given credit for compensation for the time plaintiff worked for the Jackson Brewing Company after the date of the accident), *235 with interest at the legal rate on all past due installments and on all installments which may become delinquent in the future; that plaintiff's right to recover future medical expenses be reserved unto him; that Dr. Battalora be awarded a $100 fee as an expert witness; that defendants be cast for the costs of both courts.
Reversed and rendered.