224 So.2d 76 (1969)
Joseph BEZUE and Citizen's Finance Company of Amite, Louisiana
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, HARTFORD, CONNECTICUT.
No. 7703.
Court of Appeal of Louisiana, First Circuit.
May 26, 1969.
Tom H. Matheny, of Pittman & Matheny, Hammond, for appellant.
Charles B. W. Palmer, of Palmer & Palmer, Amite, for appellee.
Before LANDRY, SARTAIN and MARCUS, JJ.
MARCUS, Judge.
On February 14, 1965, Joseph Bezue's 1960 Rambler station wagon was damaged by a fire while parked in front of the church in which he was attending. At the time of the fire there was in effect an insurance policy in which the Hartford *77 Accident and Indemnity Company insured the plaintiff against loss caused by fire. Following the fire plaintiff presented to the insurer a written proof of loss and requested payment. The defendant, however, denied coverage on the ground that the fire was due to an electrical breakdown or failure and was therefore placed beyond the coverage of the policy by an exclusionary clause in the policy. After his unsuccessful efforts to secure payment of his claim, plaintiff filed this suit requesting that the defendant be required to pay for the fire loss, plus other damages, attorney fees, and a 25% penalty. The trial court rendered judgment for the plaintiff in the sum of $134.60, and awarded a $250.00 fee for plaintiff's attorney, but disallowed the claims for other damages and the penalty.
The defendant insurer has taken a suspensive appeal, and urges this Court to find that there was no coverage under the policy. The plaintiff has also appealed, requesting that the automobile be found a total loss with the principal award increased to the full value of the car. Plaintiff also prays for an increase in the amount of attorney's fees awarded, and claims that the trial court erred in failing to assess the 25% statutory penalty.
Hartford does not dispute that Section IV, Coverage H of the insurance policy expressly requires the insurer "To pay for loss to the owned automobile or a nonowned automobile, caused (a) by fire or lightning * * *"
Its contentions are based upon the provision found in the policy in Section IV, entitled "Physical Damage," Paragraph 9 entitled "Exclusions," which states:
"This policy does not apply under Section IV: (e) to damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered by this policy * * *"
The testimony contained in the record establishes clearly that the damage to the vehicle was indeed caused by a fire. The plaintiff testified that he was summoned out of the church and saw smoke coming from his car. This is corroborated by a stipulation between the parties that two of the plaintiff's witnesses who were not called would have testified that they saw the burning described by the plaintiff. Mr. Bezue further testified that the wires under the dashboard of the car were burning, and that he jerked the wires loose from their connections and then smothered the fire. The defendant offered no evidence to prove that the source of this fire was an electrical failure, but assuming for the sake of argument that this was the fire's source, nevertheless there clearly was a fire, and the defendant had obligated itself to pay for loss caused by fire under Coverage H, quoted above. Consequently, the plaintiff is entitled to recover unless this damage falls within the exclusionary clause quoted above.
The defendant contends that, because the fire was due to an electrical breakdown or failure, there is no coverage. But under the language of the exclusionary provision on which the defendant relies, the damage must be "due and confined to * * *." (Emphasis ours).
When the provisions of insurance policies are clear and free of ambiguity, they must be construed as written. Monteleone v. American Employers' Insurance Co., 239 La. 773, 120 So.2d 70 (1960).
It is well settled in the jurisprudence of this state that "the language in insurance policies should be construed in its plain, ordinary, and popular sense and, where ambiguous, should be construed most favorably to the insured and against the insurer which prepared the contract." Knight v. L. H. Bossier, Inc., 118 So.2d 700, 703 (La.App. 1st Cir. 1960). See also Schonberg v. New York Life Insurance Company, 235 La. 461, 104 So.2d 171 (1958).
A corollary of this rule of construction is that exclusionary clauses are strictly construed. Commercial Union Insurance *78 Company of New York v. Hardcastle, 188 So.2d 698 (La.App. 2d Cir. 1966), Wilks v. Allstate Insurance Company, 195 So.2d 390 (La.App. 3d Cir. 1967).
In view of these rules of construction, and in view of the plain words used in the exclusionary clause, we find that the exclusion applies only to damage which is not only due to electrical breakdown or failure, but is also confined to electrical breakdown or failure. The only direct testimony on this point was that of Joe Currier, the owner of the Tip-Top Body Shop in Amite, who, after being qualified as an expert in the repair of automobiles, testified that he examined the vehicle and furnished an estimate for its repair. He testified that the fire started under the dash panel, but that he had also observed damage around the carburetor. When questioned about this damage he replied, "Well, you could see where the fire got as far as the carburetor, it burned up." As there was no evidence to contradict this observation of Mr. Currier's, we find that the defendant insurer has not met its burden of proving that the damage was "confined" to electrical breakdown or failure. The exclusionary clause is therefore inapplicable, and the trial court's finding that there was coverage under the policy is correct.
We furthermore find no error in the award of $134.60, which was based upon the only estimate in the record of the cost of repairing the damage caused by the fire. The testimony relied upon by the plaintiff to show that the car was a total loss was very evasive, weak, and uncertain, and was therefore insufficient to prove the car a total loss.
Under the provisions of LSA-R.S. 22:658, the trial court awarded an attorney's fee to the plaintiff in the amount of $250.00. Under the statute, attorney's fees are assessed against an insurer who fails, within sixty days after receipt of satisfactory proofs of loss from the insured to make payment when the failure to pay is found to be "arbitrary, capricious, or without probable cause." Under the facts of this case, we find no error in the trial court's finding that the failure to timely pay this claim was "arbitrary, capricious, or without probable cause."
We do find error, however, in the trial court's failure to award the 25% penalty required by LSA-R.S. 22:658. The statute provides that the failure by the insurer to make timely payment "when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss * * *." (Emphasis ours). The statute further provides that on "all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees." (Emphasis ours). These provisions have been held to be mandatory, and the courts are without discretion to deny the penalty where, as in this case, the failure to pay is found to be "arbitrary, capricious, or without probable cause."
The $250.00 attorney's fee is a reasonable award, although this Court is aware that it is somewhat unusual to award an attorney's fee in excess of the amount awarded on the principal demand. But it is a well recognized rule that "each case must be decided in the light of its own facts and circumstances, bearing in mind the cardinal principle that the fees awarded must be reasonable in view of the amount of recovery and the nature and extent of services rendered as indicated by the complexity of the issues involved." Mitchell v. Connecticut Indemnity Company, 161 So.2d 460, 461, 467 (La.App. 1st Cir. 1963). For application of this rule in cases where the attorney's fees exceeded the amount of the judgment, see Phillips v. Underwriters at Lloyd's of *79 London, 128 So.2d 318 (La.App. 1st Cir. 1961), Hale v. Republic Drilling Company, 109 So.2d 268 (La.App. 1st Cir. 1959), and Walters v. General Accident and Fire Assurance Corporation, Ltd., 119 So.2d 550 (La.App. 1st Cir. 1960). We do not feel, however, that the facts of this case justify an increase in the fee awarded by the trial court. The brevity of the trial of this case, as well as the relatively small amount involved convince us that $250 is a reasonable fee.
For the foregoing reasons we amend the judgment of the trial court to require the defendant to pay to the plaintiff a penalty of 25% of the amount of the loss ($134.60). In all other respects the judgment of the lower court is hereby affirmed at defendant's cost.
Amended and affirmed.