REDMANN, Judge
(dissenting).
The questions on liability in this case are whether an accident occurred at plaintiff’s work, and, if so, whether it was the cause (or the disabling aggravation) of her umbilical hernia.
As the majority points out, the lack of a report to the employer is immaterial in the absence of a showing of detriment to the employer. Nevertheless, the two sentence opinion by the trial court reads:
“The Court finds as a fact that the claimant did not report any accident to her employer.
“Further, the plaintiff has not carried the burden of proof necessary to prove her claim to compensation.”
The second sentence states a conclusion of law (i.e. that the evidence was insufficient). The only factual conclusion from the trial court is lack of notice.
From this factual finding the majority here concludes the judge disbelieved plaintiff’s weak testimony on that immaterial point, and therefore disbelieved her on the material elements of her cause of action. The majority thus concludes the trial judge based his judgment on a rejection of the credibility of plaintiff.
First, even assuming this was the trial judge’s thinking, there remains the testimony of the treating physician that plaintiff gave him a history on February 14 of having hurt her abdomen with a pot the day before. This testimony has got to be accepted as proving that on the day after the alleged accident plaintiff in fact recited its alleged occurrence to her doctor. Her having done so does not prove she had such an accident, but it does mean (ignoring possibilities such as lunacy) either (1) she had had such an accident, or (2) she had by that time already decided to falsely claim she had had an accident, no doubt in order to defraud her employer or his insurer of workmen’s compensation.
But if plaintiff lied to her doctor the day after the accident, why would she not have lied that same day to her employer? Indeed, if she had been faking an accident to stick her employer for workmen’s compensation, and had lied to her doctor, is it not much more probable that she did report her fake accident to her employer? Yet the trial judge found as a fact that no such report was made.
The only theory under which she could have lied to her doctor yet said nothing to her employer, is that she thought notice to employer unnecessary. However, if she thought notice unnecessary, why would she think it necessary to claim that she had given notice?
Second, in my opinion the trial judge’s reasons for judgment do not suggest he considered all of plaintiff’s testimony unworthy of belief. If that was his view, *736 and if that was his reason for reciting a finding of one immaterial fact against plaintiff, he could easily have said so. He could even have asserted flatly he disbelieved her. He was apparently not of such an opinion; or else he was unwilling to state it, and we should not state it.
In my opinion the trial judge ruled for defendant merely because he concluded, in his own words, “plaintiff has not carried the burden of proof.”
And, in my opinion, the trial judge erred in this conclusion of law. I believe — even though employers are in a most disadvantageous position in hernia cases — the sworn testimony of an employee that he suffered an accident while working alone is sufficient proof, as a matter of law, even where the trial court has simply held it insufficient; Gisevius v. Jackson Brewing Co., 152 So.2d 231 (La.App.1963), cert. denied, 244 La. 896, 154 So.2d 767. See also Hill v. J. B. Beaird Corp., 19 So.2d 295 (La.App.1944), cert. denied; Hayes v. Louisiana Irrigation & Mill Co., 168 So.2d 396 (La.App.1964), cert. denied 247 La. 251, 170 So.2d 509.
There is no testimony to conflict with plaintiff’s assertion the accident occurred. The most one might say is that the testimony of the employer, his wife and brother-in-law that plaintiff told them nothing of the accident suggests the accident did not occur.
But plaintiff, earning $29 a week and having seven children to help support, spent $5 to see her doctor because of pain, explaining to the doctor, as shown by his record of that date, “she had been struck in the abdomen, while carrying a pot of potatoes, and came in complaining at the time. Had pain in the area of the umbilicus and noted a small lump at that time, in the area. This was on the 14th of February, 1966.”
It appears to me much more reasonable to conclude the accident did occur as plaintiff testified and told her doctor (and a fellow employee, and perhaps even her employer’s wife who remembered some complaint of “ulcers,” which plaintiff never had). The doctor testified such an accident could have caused the hernia he surgically repaired. For the disability she suffered plaintiff is entitled to workmen’s compensation.
The judgment appealed from should be reversed and compensation should be fixed and awarded. I therefore dissent.
REDMANN, J., is of the opinion the rehearing should be granted.