356 So.2d 101 (1978)
Stafford RICHE
v.
STATE FARM FIRE AND CASUALTY COMPANY.
No. 11777.
Court of Appeal of Louisiana, First Circuit.
February 13, 1978.
Rehearing Denied March 20, 1978.
Writ Refused May 12, 1978.
*102 Arthur J. Cobb, Baton Rouge, of counsel for plaintiff-appellant Stafford Riche.
Frank A. Fertitta, Baton Rouge, of counsel for defendant-appellee State Farm Fire and Cas. Co.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge.
The plaintiff, Stafford Riche, has appealed the judgment of the trial court dismissing his suit to recover under his homeowner's policy for loss of his fishing gear which was on the bass boat of Mike Safer. The boat sank during a windstorm in the Toledo Bend Reservoir. We reverse.
On this appeal, the appellant contends that there was coverage under the policy because there was direct loss of property defined as "unscheduled personal property"[1] caused by one of the named perils, "windstorm." It is the appellee's contention that "there was no direct loss caused by (a) the wind making waves from surface water; (b) the waves causing the water to *103 flow into the boat; (c) all of which was compounded by a defective bilge pump. This loss was not caused by windstorm, but by the sinking of a boat containing the fishing equipment." (Emphasis by the appellee).
"Direct loss" has been construed to mean the dominant and efficient cause of the loss, as distinguished from a remote cause. It is sufficient to show that the particular peril was the efficient cause of the loss notwithstanding that another cause or causes contributed to the loss. See Annot., What Constitutes "Direct Loss" Under Windstorm Insurance Coverage, 65 A.L. R.3d 1128, 1136.
In the case of Roach-Strayhan-Holland Post v. Continental Insurance Company, 237 La. 973, 112 So.2d 680 (1959), the Court observed:
"Moreover, since in a great number of factual situations it has been shown that wind is often not the sole contributing cause of the loss or damage, acceptance has been accorded the view that it is sufficient, in order to recover upon a windstorm insurance policy not otherwise limited or defined, that the wind was the proximate or efficient cause of the loss or damage, notwithstanding other factors contributing thereto."
The trial court's finding of fact that "Mr. Riche and Mr. Michael Safer were fishing on Toledo Bend Reservoir in a boat owned by Mike Safer, when a windstorm and the resulting waves either caused Mr. Riche's fishing equipment to wash overboard or cause (d) the boat to sink . . .", will not be reversed in the absence of manifest error. The testimony of Mr. Safer supports this factual finding. He testified that the high winds came up, the waves got "real rough" and the boat sank "in a matter of a minute." The only other testimony was that of the plaintiff, which was substantially the same as that of Mr. Safer.
The next issue presented to the trial court was whether or not the policy that Mr. Riche had at the time of the loss limited or excluded coverage for the loss of "unscheduled personal property", including certain fishing gear.
The trial judge was of the opinion that the section in the policy entitled "Perils Insured Against", Section 3(c) excluded coverage to watercraft, including furnishings and equipment, while such property was not inside a fully enclosed building.[2]
In his "Oral Reasons for Judgment", on this point, the trial judge stated:
"There can be no other reading than an exclusion of the property in this case because it was a watercraft that was lost while not in an enclosed building."
We do not agree. It is not the watercraft with which we are concerned. The claim in the case at bar is for the loss of fishing gear owned by the plaintiff Riche, which formed no part of the furnishings or equipment of Safer's boat. We find that the fishing gear of Mr. Riche does not fall within the limitations of the "perils" section.
The trial judge also held that coverage was excluded under the exclusion section of the policy. This exclusion section reads:

. . . . .
"This policy does not insure against loss:
3. Caused by, resulting from, contributed to or aggravated by any of the following:
(a) Flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not . . ."
This exclusion, when read as a whole, contemplates only such damage caused by water which has risen over and *104 covered areas not ordinarily covered by water. We find that damage caused by windstorm (or resulting waves) over a body of water, such as a lake or reservoir, does not come within the scope of this exclusion. This interpretation is in line with the rule of construction that exclusionary clauses are strictly construed. See Bezue v. Hartford Accident and Indemnity Company, Hartford, Connecticut, 224 So.2d 76 (La. App. 1 Cir. 1969).
Therefore, we hold that this insurance policy contains no limitation or exclusion preventing coverage of the loss of the fishing gear.
Accordingly, the judgment of the trial court is reversed and judgment is hereby rendered in favor of Stafford Riche and against State Farm Fire and Casualty Company in the sum of $1,000.00,[3] at defendant-appellee's costs.
We deny the plaintiff's claim for penalties and attorney's fees; there is no evidence in the record to support his allegation of arbitrariness, capriciousness, unreasonableness or bad faith on the part of the insurer.
REVERSED AND RENDERED.
NOTES
[1] Coverage B of the homeowner's policy provides that:

"This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an insured, while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.
"This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:
(1) owned or used by an insured . . ."
[2] This section reads:

"3. Windstorm or hail, excluding loss:
(a) Caused directly or indirectly by frost or cold weather or ice (other than hail), snow or sleet, all whether driven by wind or not;
(b) Caused by rain, snow, sand or dust, all whether driven by wind or not . . .
(c) To watercraft (except rowboats and canoes on premises) including their trailers, furnishings, equipment and outboard motors while such property is not inside fully enclosed buildings."
[3] Under Coverage B(3), the insured's liability for unscheduled personal property away from the premises is 10% of the limits for unscheduled personal property (in this case, $10,000.00), "but in no event less than $1,000." Plaintiff claimed a loss of over 300 items, rods, reels, lures, et cetera, of a total value of $1,051.53.