### BROWN v. TRAVELERS' INS. CO. et al.
### No. 4527.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

For former opinion, see 146 So. 774.

Foster, Hall, Barret & Smith, of Shreveport, for appellant.

Thatcher, Browne, Porteous & Myers, of Shreveport, for appellees.

TALIAFERRO, Judge.

When considering the case originally, we found that plaintiff had sustained an accident, within the meaning of the Workmen's Compensation Law (Act No. 20 of 1914, as amended), in the nature of a strain, which confined him to bed for a period of nine days, but that, when he left defendant's employ, he had recovered from the ill effects of the injury, and was not entitled to compensation to any extent for the reasons assigned by us in our opinion. While plaintiff was confined to his room and bed, following the strain complained of, he incurred unusual medical and physician's expense bills. He sued to recover the amount of these bills. In disallowing him compensation, we also rejected his demand in all other respects, as was done by the lower court. On his application, a rehearing was granted to the end that we could reconsider his demand for reimbursement of the amount of these bills.

Counsel for plaintiff correctly argues that, as it was found and held by us that plaintiff did receive injuries compensable under the Workmen's Compensation Law, any medical or physician's bill necessarily incurred as a consequence of such injuries were recoverable by him.

Dr. Boyce, the family physician, had been treating plaintiff for prostate trouble, every five to seven days, for a considerable period prior to the date he was injured, but, after the injury, the doctor's services were increased and his visits were much more frequent. He charged $75 for his services to plaintiff from November 21st to March 20th. The medical bills for this period amounted to $12.50. Dr. Boyce stated that 80 per cent. of the services rendered by him during said period were necessitated as a result of the strain or injury plaintiff experienced on November 19, 1930; that he would have rendered service to him after the date of injury (if there had been no injury) along the same line and in the same manner he had done prior to that time, but that such services were increased 80 per cent. following the date of

injury. The same ratio of increase is applicable to the medical bill.

We think plaintiff entitled to recover the medical and physician's bills incurred by him on account of his injury, although, under the peculiar facts of the case, compensation be denied him.

Our former decree and that of the lower court will have to be amended to meet the granting of the relief above mentioned. This amendment affects the question of liability for costs.

For the reasons assigned, the judgment of the lower court and our former decree herein are amended to the extent of awarding plaintiff judgment for the sum of $70 to cover physician's and medical bills incurred by him, and casting defendant for costs in both courts. In all other respects, and as amended hereby, our original decree is reinstated and made the final decree of the court.

MILLS, J., recused.