PONDER, Justice.
This is an appeal from a judgment of a juvenile court denying an interlocutory decree of adoption.
Rita Lacoste, an unmarried mother, gave her consent, in a notarial act, to Cecil Guy Byrd and his wife to adopt her infant child, Mary Lee Lacoste. Byrd and his wife, the plaintiffs herein instituted proceedings in the Juvenile Court for the Parish of Terrebonne on September 25, 1946 and secured a judgment granting an interlocutory decree of adoption. Thereafter the plaintiffs moved from the Parish of Terrebonne and are now residing in Caddo Parish. The plaintiffs filed a petition in the Juvenile Court of Terrebonne Parish on August 15, 1950, seeking a final decree of adoption. Rita Lacoste, the natural mother, and her husband, she having married in the meantime, opposed the proceedings. Thereupon plaintiffs dismissed the proceedings and instituted new adoption proceedings in the Juvenile Court for the Parish of Caddo which were opposed by the natural mother and her husband on the ground that the natural mother no longer consented to the adoption of the child.- On hearing of the opposition to the adoption, the juvenile court dismissed plaintiffs’ suit and they have appealed.
We previously had occasion to interpret Act No. 154 of 1942, LSA-R.S. 9:421 et seq., an adoption statute, and to review the prior jurisprudence of this State regarding the necessity for the consent of natural parents to the adoption of a child and held that the consent must continue until the. final decree of adoption is granted and the consent, when given, could be withdrawn any time prior to the final decree. Green v. Paul, 212 La. 337, 31 So.2d 819.
The appellants contend that under our later adoption statute, Act No. 228 of 1948 (now LSA-R.S. 9:421 et seq.) that the consent of the natural parents is not *197 an absolute necessity and that the basic consideration in adoption proceedings is the best interest of the child.
This later statute, enacted in 1948, requires the petition for adoption to be served on each living parent of the child unless the child has been legally surrendered or declared abandoned by a court of competent jurisdiction. The child, involved herein, has not been legally surrendered to any agency or institution and has not been declared abandoned by any court. This statute provides for a study of the proposed adoption by the Welfare Department and the submission of a report of its findings. This report must set forth the findings as to the availability of the child for adoption and the suitability of the adoption. The Welfare Department is required to make every effort to locate the living parents of the child to determine their attitude towards the proposed adoption. A hearing is held on the petition, after completion of service of process, and the juvenile judge may grant or refuse an interlocutory decree of adoption. If an interlocutory decree is granted, a final decree of adoption must be applied for within two years. The Welfare Department is again required to investigate and file another confidential report based on the same considerations required in the first report, which report must also disclose any changed conditions and all new pertinent information. The court, after hearing and taking into consideration information from all sources concerning the adoption, may enter a final decree of adoption or may deny it. The basic consideration of the decree is the best interest of the child.
The appellants lay great stress on the provision of the statute, that the basic consideration of the decree is the best interest of the child. This provision of the statute applies only where the child is available for adoption and then if it is for the best interest for the child to be adopted by the applicants. There has been no material change with respect to the requirement of the continuing consent of the natural parents. The statute requires that the process be served on the natural parents and the determination of the attitude towards the proposed adoption prior to the hearing for an interlocutory decree. It also requires that their attitude to the proposed adoption be again ascertained and if there is any change in the conditions it must be determined before the hearing for the final decree of adoption. This in our opinion requires the continuing consent of the natural parents until the final decree is granted. The statute does not require the consent to be given by notarial act or in any particular form. There is nothing in the statute to indicate that a consent given prior to or at the time the proceedings are instituted have any binding effect. The consent is to be determined at the hearing for an interlocutory decree and the attitude in that respect must be again determined on the hearing for the final decree of adoption. *199 This clearly indicates that the consent must continue until the final decree is rendered.
The appellants have cited authorities from other states, a majority of which were considered and rejected in the case of Green v. Paul, supra. We prefer to rest our decision on the particular wording of the statute and the jurisprudence of this State.
This Court has consistently held that adoption is a creature of statute and that all the statutory requirements must be strictly carried out otherwise the adoption is an absolute nullity. See Green v. Paul, supra, and the decisions of this Court cited therein.
For the reasons assigned, the judgment is affirmed at appellants’ cost.
HAMITER and HAWTHORNE, JJ., dissent.
MOISE, J., concurs,