MOISE, Justice.
 

 The subject matter of this appeal is the refusal of the Judge of the Juvenile Court to grant a right of adoption to the petitioner.
 

 A clear statement of the law and the facts is persuasive of what judgment should be rendered.
 

 The applicant for adoption is Roland Joseph Madere, husband of Dorothy Collins Madere, who is the divorced wife of James Littleton Long, Sr. Dorothy Collins and James Littleton Long, Sr. are the father and mother of the minor. They were divorced by a judgment rendered on December 13, 1954. In these divorce proceedings the mother was granted the care, custody, and control of their minor child, who was born on September 25, 1951. The mother granted her consent to the adoption of the minor by her present husband, Roland Joseph Madere, who was .supporting and maintaining this child with all the necessities of life. ,
 

 
 *501
 
 The father of the minor did not appear in these proceedings, nor did he appear through counsel; but, wrote a letter to the judge objecting to the adoption of the minor child, James Littleton Long, Jr. The lower court was of the opinion that the letter constituted a refusal for the adoption, and denied the application.
 

 We now apply the factual situation to the law. It is urged by the plaintiff that the provisions of Act 233 of 1936 controls the issue here, plaintiff contending that only the consent of the parent to whom the care and custody of the minor has been awarded is required for adoption. On the other hand, our learned brother below has taken the position that under the law it is necessary that both parents give their consent to the adoption of the .child born of the marriage. We think the trial judge is correct under the pronouncements of the law. It is true that Act 233 of 1936 provided that the consent of only the parent to whom the custody of the child had .been awarded in the adoption proceedings was necessary. This is not the law today, because Section 16 of Act 428 of 1938 repealed the provisions by providing that the consent of both the father and the mother was necessary for the adoption of their child. Section 16 of Act 428 of 1938 reads:
 

 ■ “All laws or parts of laws in conflict herewith, and particularly Act 233 of 1936, or laws upon the same subject matter be, and the same are hereby repealed insofar as they affect the adoption of children under seventeen years of age, * *
 

 In 1938 there was a radical change in the law of adoption. The procedure was no longer by authentic act, Act 428 of 1938 providing for the filing of the petition of. adoption with the Juvenile Court of the parish in which the adoptive child, or the adoptive parent, or parents, are domiciled. The legislative intent expressed in the Act of 1938, supra, was that the consent of both natural parents was necessary for the adoption of their child.
 

 The adoption statutes were likewise amended and reenacted by Act 154 of 1942 and Act 228 of 1948. The prior adoption statutes were repealed by the Revised Statutes, and LSA-R.S. 9:421 et seq., particularly LSA-R.S. 9:425
 
 [1]
 
 and 9:427
 
 [2]
 
 , employing as their source, Act 228 of 1948. It is expressly stated therein that each living parent must be served with a copy of the
 
 *503
 
 petition of adoption if the child has not been surrendered or declared abandoned.
 

 Adoption is a creature of our Statutory law, not the substantive law, and in order to establish such a relation, we must strictly carry out the requirements of the statute in force at the time of the adoption. Green v. Paul, 212 La. 337, 31 So.2d 819.
 

 The facts of the case of In re Byrd, applying for adoption, 226 La. 194, 75 So.2d 331, are not identical to those herein involved, but the case is authority for the rule that consent of the natural parents is necessary for the adoption of their child. Therein this Court discussed adoption procedure under the 1950 statutory enactments as follows:
 

 “The appellants contend that under our later adoption statute, Act No. 228 of 1948 (now LSA-R.S. 9:421 et seq.) that the consent of the natural parents is not an absolute necessity and that the basic consideration in adoption proceedings is the best interest of the child.
 

 * * * * * *
 

 “The appellants lay great stress on the provision of the statute, that the basic consideration of the decree is the best interest of the child. This provision of the statute applies only where the child is available for adoption and then if it is for the best interest for the child to be adopted by the applicants. There has been no material change with respect to the requirement of the continuing consent of the natural parents. The statute requires that the process be served on the natural parents and the determination of the attitude towards the proposed adoption prior to the hearing for an interlocutory decree. It also requires that their attitude to the proposed adoption be again ascertained and if there is any change in the conditions it must be determined before the hearing for the final decree of adoption. This in our opinion requires the continuing consent of the natural parents until the final decree is granted. * * * The consent is to be determined at the hearing for an interlocutory decree and the attitude in that respect must be again determined on the hearing for the final decree of adoption. This clearly indicates that the consent must continue until the final decree is rendered.”
 

 The office of judges is jus dicere not jus dare, to interpret law, not make law or give law. The instant case is a matter that addresses itself to the legislature not to the courts. See, Greater New Orleans Homestead Ass’n v. Bell, 219 La. 41, 52 So.2d 241.
 

 Judgment affirmed.
 

 FOURNET, C. J., and HAWTHORNE, J., absent.
 

 HAMITER, J., concurs in the decree.
 

 [1]
 

 . LSA-R.S. 9:425: “ * * * A copy of the petition * * * shall be served * * * on each living parent of the child unless the child has been legally surrendered or declared abandoned * * *
 

 [2]
 

 . LSA-R.S. 9:427: “* * * If the child has not been legally surrendered or declared abandoned by a court of competent jurisdiction, the department shall make every effort to locate the living parent of the child to determine his attitude toward the proposed adoption.”