In re Petition for Naturalization of Floyd Cohen GLOVER, and Jean Margaret Glover
for
Christine Nancy Glover, Beneficiary.

No. 1134.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

July 30, 1962.

WEST, District Judge.

On April 9, 1962, Floyd Cohen Glover and his wife, Jean Margaret Glover, filed, pursuant to 8 U.S.C.A. § 1434, a petition for the naturalization of their adopted daughter, Christine Nancy Glover. Christine was born January 19, 1958, and has resided in the United States with the petitioners continuously since her lawful admission for permanent residence on August 17, 1959.

Shortly after the beneficiary's arrival in the United States, the petitioners filed a petition for adoption with the Family Court of the Parish of East Baton Rouge, State of Louisiana. On January 26, 1960, an interlocutory decree of adoption was granted and petitioners were awarded custody of the child and her name was changed to Christine Nancy Glover. On October 11, 1960, a final decree of adoption was entered.

Section 323 of the Immigration and Nationality (8 U.S.C.A. § 1434) sets out the criteria for determining the eligibility for naturalization of adopted children. The provisions pertinent to this petition read as follows:

"(a) An adopted child may, if not otherwise disqualified from becoming a citizen by reason of sections 1424–1426 or 1429 of this title, be naturalized before reaching the age of eighteen years upon the petition of the adoptive parent or parents, upon compliance with all the provisions of the subchapter, if the adoptive parent or parents are citizens of the United States, and the child—

"(1) was lawfully admitted to the United States for permanent residence;

"(2) was adopted before attaining the age of sixteen years; and

"(3) subsequent to such adoption has resided continuously in the United States in legal custody of the adoptive parent or parents for two years prior to the date of filing such petition."

The only question which arises in regard to the eligibility of this beneficiary for naturalization is whether subsection (a) (3) has been complied with. Clearly, the beneficiary has resided continuously with the petitioners for more than two years since the entering of the interlocutory decree but for less than two years since the rendition of the final decree of adoption. The word "adoption" is not defined in the Immigration and Nationality Act and has not been judicially construed.

■■ There are many Louisiana cases recognizing that until all the statutory requirements for adoption are carried out, the adoption is an absolute nullity. "This Court has consistently held that adoption is a creature of statute and that all the statutory requirements must be strictly carried out otherwise the adoption is an absolute nullity." In re Byrd, 226 La. 194, 75 So.2d 331; c.f. Madere v. Long, 231 La. 498, 91 So.2d 771; Green v. Paul, 212 La. 337, 31 So.2d 819. LSA–R.S. 9:431 makes it clear that at any time prior to the entry of the final decree of adoption that the Court may, for good cause, revoke the interlocutory decree either on its own motion or on the motion of the Department of Welfare or on the motion of the petitioner or any person interested in the child.

However, it is not clear that an uncompromisingly strict interpretation of the Federal Statute is justified. There is little in the legislative history to indicate the intention of the lawmakers. Senate Report No. 2150, H.A. 9980, 76th Cong. 3rd Session, contains the following statement in regard to Section 316 of the Nationality Act of 1940:

"Under present law no provision is made for the acquisition of citizenship by children through adoption by citizen parents * * *. Frequently the ties of affection between adoptive parents and their children are very strong. The Code would permit their naturalization before reaching the age of 18 years upon the petition of the adoptive parent or parents."

■ Until 1940 there was no provision for the naturalization of adopted children. The Naturalization Act of 1940 and the subsequent amendments have clearly intended to liberalize the law in regard to adopted children. It does not seem unreasonable to interpret the law as intending to provide for the naturalization of adopted children where a valid family entity exists. The intention of the lawmakers constitutes the law. Stewart v. Kahn, 11 Wall. 493, 78 U.S. 493, 20 L.Ed.

176; Holy Trinity Church v. U. S., 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226.

 House Report, Hearings H.R. 6127 (9980) 76th Congress 1st Session, p. 446, in regard to an earlier comparable provision of the Nationality Act of 1940, states that a period in legal custody subsequent to the adoption was required to assure that a bona fide parent-child relationship existed. The nature of the rendition of a final decree of adoption in Louisiana is such that once the status of parent and child has been established by adoption, it cannot be undone except by legislative act. Succession of Gambino, 225 La. 674, 73 So.2d 800.

Louisiana, unlike many other states, does not have statutes providing for the revocation of a final adoption for various reasons. (Alabama, Georgia and Missouri provide that the final decree of adoption may be revoked if the child contracts certain loathsome diseases; New York provides a final decree may be revoked on petition by the foster parents if the child is guilty of a misdemeanor or ill behavior. New York also provides that if the Court, with the consent of the foster parents and the individual or agency whose consent is necessary for the original adoption of the child, finds that it would be in the best interest of the child to revoke the adoption, it may do so.)

 The effect of a final decree of adoption is such that a bona fide parent-child relationship is virtually assured. The requirement of 8 U.S.C.A. § 1434(a) (3) is to insure that a bona-fide family unit exists and to discourage abuse of the naturalization process in favor of adopted children by petitioners who might later seek to have the adoption revoked.

 Since under Louisiana law the final decree of adoption issued in this case on October 11, 1960, is irrevocable, and since the beneficiary in this case has been in the legal custody of petitioners for more than two years since the issuance of the interlocutory decree of adoption on January 26, 1960, and since it is clear that a bona fide family relationship does in fact exist, it is determined that all of the pertinent provisions of 8 U.S. C.A. § 1434 have been substantially complied with and the petition of Floyd Cohen Glover and Jean Margaret Glover for naturalization of the minor, Christine Nancy Glover, is granted.