GLADNEY, Judge.
This adoption proceeding was filed on January 6, 1964 by C. P. LaFitte, the stepfather of the three children he seeks to adopt. Only Jean Ruth Emdon Hutchinson LaFitte, the legitimate mother of the children granted her consent to the adoption. These proceedings are predicated on LSA-R.S. 9:422 which provides that under *838 certain prescribed conditions the consent of the other living legitimate parent may be dispensed. The father of the children vigorously opposes the adoption and trial was had on a rule ordering the defendant, James C. Hutchinson, to show cause why his consent should not be adjudged unnecessary. From an adverse judgment the defendant lias appealed.
Many of the material facts are not in dispute. The issue of the marriage of James C. Hutchinson and Jean Ruth Emdon, were Pamela Gayle Hutchinson, James Clifford Plutchinson, II, and Sharon Minette Hutchinson, all under the age of seventeen and are the same children sought to be adopted. The Hutchinson marriage was terminated by a decree of final divorce rendered by the First Judicial District Court of Caddo Parish and signed on December 16, 1958. It awarded to Mrs. Hutchinson the custody of the children and ordered Hutchinson to pay the sum of $75. per month for the support of the children, such payments to commence January 1, 1959 and to continue every month thereafter.
Both of the parents subsequently remarried, the mother to C. P. LaFitte on October 12, 1960 and the father to Dorothy Hutchinson in December, 1958. Support payments were made in varying amounts and with a fair degree of regularity until October, 1962, after which no payment was made by appellant until within a few days of the filing of these adoption proceedings when the total amount in arrears was paid. It is admitted that during the period from October, 1962 until January, 1964 the defendant was regularly employed at a salary of $440.00 per month, plus $70.00 per month for travel expenses. During that same period the total income of Mr. and Mrs. LaFitte’s salary was approximately $17,000 per year. Mr. LaFitte, who was an employee of the civilian division of the United States Air Corps, and Mrs. LaFitte in the latter part of 1961 took the children to the Philippine Islands where he was to be located on a tour 'of duty. The family, with the exception of one brief visit of Mr. LaFitte to the United States, remained overseas until about December 21, 1963, when residence was reestablished in Bossier City.
For as much as the fact is conclusively shown that no payment of support was made by Hutchinson from October 19, 1962 until January, 1964, the sole issue for determination presented to the trial Court and on this appeal is whether or not the defendant’s failure to pay the support ordered by the Court was without just cause within the purview of LSA-R.S. 9:422 as would justify holding Hutchinson’s consent need not be required under the circumstances evidenced by this record.
The record conclusively shows that when Hutchinson failed to make his payments the LaFittes were in the Philippines and both Mr. and Mrs. LaFitte were earning large salaries. The children were not actually in need in any respect. No protest was made when the support checks failed to come and the behavior and actions of the mother and step-father indicates that payments of support were discouraged as not being needed and not wanted. It was proposed by Mr. LaFitte that if the father would consent to the adoption the payments would be eliminated. Mrs. LaFitte’s testimony further disclosed a thoughtful and continuing interest of the legitimate father towards his children manifested by correspondence and gifts on birthdays and Christmas and the children wrote to their father without being encouraged by their mother. Mrs. LaFitte also acknowledged she knew that at times it was difficult for the father to regularly make payments, some of which were made with money borrowed from the National Bank of Bossier.
Upon return of the LaFittes from the Pacific during the latter part of December, 1963, Hutchinson promptly tried to get in touch with them but without immediate success. According to the uncontradicted testimony of Hutchinson and his wife, after locating their address, on December 30, 1963 a letter was mailed to Mrs. LaFitte to the correct address enclosing Hutchinson’s *839 check for $1,516.00, its purpose being to make current all support payments in arrears. When he found out this check was not timely received and had not been paid by the bank, Hutchinson did on the 7th day of January, 1964 stop payment upon the check and caused to be issued in lieu thereof a money order. This was received by Mrs. LaFitte and was in her possession at the time of the trial of the rule.
The foregoing facts were established without substantial contradiction and in our opinion have a direct bearing upon whether Mr. Hutchinson has conducted himself as a worthy and interested father or one who has shown that he is unworthy and indifferent.
The jurisprudence of this State has uniformly accepted as a rule of construction the principle that adoption statutes are to be strictly construed as in derogation of the natural rights of a legitimate parent to the child and of the rights of the child to the parent. It follows, we think, that the adopting statute should be so construed to the end that the children of a legitimate father may not be completely separated from parental ties of affection and influence without his consent except when there are conditions which justify the Court in finding there has been a forfeiture of these rights. Such an interpretation, we think, is reflected in In Re Ackenhausen, (1963) 244 La. 730, 154 So.2d 380, presently the only appellant decision wherein the Court has been called upon to give application to LSA-R.S. 9:422.1[1] as amended by Act 268 of 1960. Ackenhausen held the consent of the legitimate father to an adoption of his children was dispensed with when he failed or refused for a period of one year or more to comply with the Court order to make payments for support.
The pertinent provisions of the Statute are:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the following conditions exist:
'T. the spouse of the petitioner or the grandparents have been granted custody of the child by a court of competent jurisdiction and
“2. the other parent has refused or failed to comply with a court order of support for a period of one year or more. * * * ”
Prior to the Act of 1960 adoption by one spouse or parent without the consent of the other was not authorized. The case of Madere v. Long (1956) 231 La. 498, 91 So.2d 771 apparently brought about legislative enactment of Act 268 of 1960 in order to provide for the legality of an adoption without the consent of the legitimate father. In Madere v. Long the Supreme Court construed the adopting statute then in effect so as to deny the adoption where the consent of the legitimate father had not been obtained. In Re Acken-hausen gave consideration to the question as to whether under the adopting statute, as amended by Act 268 of 1960, the Court had the authority to sanction an adoption without the consent of the legitimate father for his refusal or failure to pay support for one year. The author of the opinion observed that proper interpretation of the statute requires a rule of construction that should not be so strict as to permit an unworthy parent by making, token payments to prevent an adoption which might be to the best interest of the children for such a ruling would render the statute meaningless and ineffective. The author, Justice Hawthorne, commented upon the intent and meaning of the statute with respect to, *840 those cases in which a worthy parent should not be deprived of his natural right of consent to the adoption of his children under the statutory provisions, saying:
“We agree with relator, however, that the provisions of the statute dealing with support could only mean that consent is dispensed with when the failure to comply with the order of the court is without just cause. The Legislature never intended by this provision to dispense with consent where the legitimate parent shows that his failure to comply with the court order for support was for reasons beyond his control. It intended that consent be dispensed with only where the parent refuses to comply with the order or fails to comply with the order without justification. To say that the consent of a legitimate parent is not required when his failure to comply with an order of support was due to sickness or some other situation beyond his control would be absurd, and the Legislature never intended for the statute to be given such an interpretation.
“Whether a legitimate parent has failed or refused to comply with an order of support so that consent is not required for adoption will, of course, have to depend on the facts of each case. If a parent has arbitrarily and without just cause refused to pay any sum whatever, no problem is presented. Also, if the payments have been insignificant when compared with the amount ordered by the court to be paid and the parent cannot show that the failure to pay has been with just cause and therefore excusable, the order to support has not been complied with and consent is not required.” [154 So.2d 383.]
In the light of the foregoing judicial pronouncement and our appreciation of the facts presented the defendant, the legitimate father, has not acted willfully, arbitrarily or indifferently. The facts as herein presented do not evidence a refusal or failure to comply with the judicial order of support without just cause and the decree of adoption will be annulled and set aside.
The decision herein shall have no effect upon the support payments which have been made and which shall be due under the terms fixed by the decree of December 16, 1958 rendered by the First Judicial District Court, Caddo Parish, Louisiana, in suit No. 137,602 on the docket of said Court.
Accordingly, the judgment from which the defendant has appealed is annulled, reversed and set aside and appellee’s demands are rejected at his costs.
Rehearing denied.
BOLIN, J., dissents.

. LSA-R.S. 9:422.1 was further amended by Act 106 of 1962. The amendment has no effect upon the case here under consideration but merely declares the separate provisions of the statute are sev-erable and that in case any of its provisions should be decreed invalid the remainder of the Act should be given effect.