McBRIDE, Judge.
Arthur Edward McCord and wife filed a petition in the Juvenile Court for the Parish of Jefferson seeking an interlocutory decree awarding them the custody and, in due course, a final decree of adoption of Robin Spring Meier, the seven-year-old daughter of Rodney John Meier, issue of his marriage with Maxine Smith.
Although the McCords alleged that the child had been abandoned by the mother, it nowhere appears that the child had ever been legally surrendered or decreed abandoned by a court of competent jurisdiction in accordance with LSA-R.S. 9:402, 9:403. The McCords also alleged that the child had been in their home since November, 1959. The evidence shows that the mother, without the father’s knowledge, left the child with Mrs. McCord who agreed, “ * * to take care of it for you until you can get on your feet and get straightened out.” On the allegation that the whereabouts of the parents were unknown, a curator ad hoc was appointed to represent them. See LSA-R.S. 9:426.
The curator succeeded in locating the father of the child and communicated with him, but the mother could not be found. The father, through his attorney, filed an answer setting forth his objection to the adoption of his daughter. He avers the child had been in the custody of her mother, and he was unable to locate them; that his wife has never been judicially separated from him. He also alleges that he is willing to support and care for his child and desires her custody.
After hearing the parties and the evidence presented and examining the confidential report of the Department of Public Welfare (see LSA-R.S. 9:427), the court below rendered judgment granting an interlocutory decree of adoption. In his reasons for judgment, the judge stated:
“The Court is of the further opinion that the father of the said child has failed in his role as a father and in effect has abandoned his child to the Petitioners herein, and the Court sees no reason why this adoption should be denied; * * * ”
The father has perfected this appeal from the interlocutory decree.
The appellant contends that in the absence of his having given his consent to the adoption, the interlocutory decree is null and void and without effect.
The evidence convinces us that the father had nothing to do with the mother’s placing of the child in the care and custody of Mrs. McCord, and being separated from his wife, he knew nothing of the transaction.
The defect in the proceedings pointed out by appellant must be deemed fatal to the validity of the decree. The law in this state is to the effect that the consent of the natural parents to the adoption of their child is necessary. In Green v. Paul, 212 La. 337, 31 So.2d 819, our Supreme Court said:
“Adoption is defined to be the establishment of the relationship of par *585 ent and child between persons not so related by nature and the act of adoption creates a status rather than a contractual relation (2 C.J.S., Adoption of Children, § 1, pp. 367 and 368). Since the act or judgment of adoption has the effect of transferring the legal relation from the natural parents to the adoptive parents, it is generally made requisite in adoption statutes that the consent of the natural parents be had in order that the adoption be valid. And it has been held that statutes which do not provide for the consent of the natural parent are unconstitutional. 2 C.J.S., Adoption of Children, § 5, p. 373. In Louisiana, the jurisprudence is settled that consent of the natural parents is necessary (see authorities supra) as it has either been specifically required or contemplated by our statutes. Acts Nos. 31 of 1872; 173 of 1910; 48 of 1924; 46 of 1932 ; 44 of 1934; 233 of 1936; 428 of 1938 and 154 of 1942.”
See also In Re Harville, 233 La. 1, 96 So.2d 20; Madere v. Long, 231 La. 498, 91 So.2d 771; In Re Byrd, 226 La. 194, 75 So.2d 331; In Re Adoption of Gordon, 135 So.2d 673.
Counsel for Mr. and Mrs. McCord concede that consent of the parents is a necessary ingredient in the adoption of a child under seventeen years of age. However, they advance the argument that the child was abandoned by its parents, and its status as an abandoned child was decreed by the court below. They maintain that under the provisions of LSA-R.S. 9:403(C), the court was authorized to place the child in their care and custody, and thus the interlocutory decree merely awards such custody and under those circumstances no parental consent was necessary.
We find no merit in said contention. The purpose of the instant proceeding was not to have the child decreed an abandoned child. Proceedings against a child to have it decreed to be abandoned is provided for in LSA-R.S. 9:403, and none of the requirements of that section were followed-herein. From the petition and the manner’ of procedure below, it is apparent the petitioners are purely, simply and only seeking; to adopt the child. The decree rendered-below is an interlocutory decree of adoption (LSA-R.S. 9:429). The requirements for the final decree of adoption are set forth in LSA-R.S. 9:434.
Mr. and Mrs. McCord also take the position that the law requires parental consent to an adoption only when the final decree is sought. This is incorrect.
Before the amendment to LSA-R.S. 9:-432 by Acts 250 and 268 of 1960, consent of the parents to the adoption was required to be given both at the time of the interlocutory decree and at the time of the final decree. Green v. Paul, supra; In Re-Adoption of Gordon, supra. In the former case the father, as surviving parent, voluntarily turned custody of his minor child over to his half sister and her husband and consented to their adoption of the child, but the father thereafter withdrew his consent prior to entry of a final decree of adoption. The court held that the consent of natural parents to the adoption may be withdrawn at any time before the adoption, even though given in writing and accompanied by a transfer of custody of the child, and even though the natural parent had abandoned the child.
However, under LSA-R.S. 9:432 as amended as aforesaid, the law now is:
“ * * * The withdrawal of consent by the legitimate parent or parents * * * shall not bar a final decree of adoption.”
From said quoted statutory provision, It is clear that the lawmakers contemplated that consent of the parents to the adoption was to be given as a basis for the rendition of the interlocutory decree, and that consent is not now necessarily a requisite upon the final decree.
The sealed confidential report of the Department of Public Welfare submitted to *586 the trial judge is contained in the record before us. In view of our opinion in the case, the rule filed by the appellant to have the sealed envelope containing the confidential report opened for the purposes of this appeal is moot, and, therefore, said rule is dismissed.
It is ordered, adjudged and decreed that the interlocutory decree appealed from be recalled and annulled, and the petition of Mr. and Mrs. McCord is dismissed at their costs in both courts.
Decree recalled and annulled. Petition dismissed.