169 So.2d 540

Felton N. BROWN

v.

TRAVELERS INSURANCE COMPANY.

No. 47203.

Dec. 14, 1964.

Leonard A. Washofsky, Jackson & Hess, New Orleans, for plaintiff-appellant-applicant.

Ashton R. Hardy, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee-respondent.

HAMLIN, Justice.

In the exercise of our supervisory jurisdiction (Art. VII, Sec. 11, La.Const. of 1921, LSA), we directed Certiorari to the Court of Appeal, Fourth Circuit, in order that we might review its judgment which dismissed plaintiff's suit for medical and drug benefits, allegedly incurred under LSA–R.S. 23:1203 from December, 1961 through July, 1962, in the amount of $90.-00,[1] together with 12% penalties and reasonable attorneys' fees. The medical and drug expenses were demanded for a period immediately following completion of voluntary payment by defendant of workmen's compensation total disability benefits, $30.-00 weekly for four hundred weeks and $1,-720.16 medical care and drugs. 160 So.2d 776, 245 La. 1088, 162 So.2d 576.

The Court of Appeal affirmed the judgment of the trial court,[2] holding, "We do not find that Plaintiff has sustained the burden of proof that the medical and drug charges he seeks to recover here were the result of his original injury." The court stated that it overruled the plea of prescription and considered the matter on the merits.[3]

The facts of record disclose that on January 11, 1954, plaintiff suffered a stroke during the course of his employment; a right hemiplegia, partial paralysis of the right extremities, resulted. The defendant, insurer of plaintiff's employer Foster-Wheeler Corporation, voluntarily complied with LSA–R.S. 23:1221(2) [4] by paying plaintiff compensation over a period of approximately eight years (400 weeks) in the total amount of $12,000.00, and it voluntarily assumed responsibility for his medical and drug expenses during that time.

In resisting plaintiff's demands, defendant contended that benefits payable under the Louisiana Workmen's Compensation Statute are limited to a period of four

1. "Sellers and Sanders Clinic (Dr. Daniel W. Hayes)
   Care and treatment on January 8, 1962, January 10, 1962 and April 10, 1962 ..... $58.00
   "Medication—$4.00 per month
   For months of December, 1961 through July, 1962 ..... 32.00
   
   $90.00
2. The trial court did not assign written reasons for judgment.

3. We find that defendant denied liability in its answer; we find no formal plea of prescription in the record.
4. "Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
   "(2) For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not beyond four hundred weeks."

hundred weeks. It further contended that the medical and drug expenses demanded were of a conservative nature as opposed to a curative nature.

Plaintiff relator sets forth the following specification of errors to the judgment of the Court of Appeal:

"I.

"The lower courts erred in their refusal to give effect to the plain wording of La.R.S. 23:1203 that an employer or its compensation insurer must furnish reasonable medical services and medicines to an injured employee coming under the workmen's compensation law up to the amount therein provided, even if such medical expense does not necessarily effect a cure, but so long as it is a reasonable necessity as a result of the employee's compensable accident and injury.

"II.

"The lower courts erred in failing to impart a liberal construction in the interpretation of La.R.S. 23:1203, if indeed, any interpretation of said statutory provision is needed, to allow plaintiff in this case to recover his medical expenses up to the amount allowed by law as a result of his compensable injury.

"III.

"The lower courts erred in not awarding plaintiff penalties and attorney's fees as a result of defendant's failure to pay for his necessary medical expenses, when its failure to pay was arbitrary, capricious, and without probable cause."

Initially, we shall dispose of the question as to whether the medical and drug charges demanded by plaintiff were incurred as a result of his injury.

Dr. Daniel W. Hayes, who has treated plaintiff since the time of his injury, testified that plaintiff's condition could not be cured even though it had improved. His pertinent testimony is as follows:

"Q. Could you tell the Court what kind of medication Felton Brown is taking now?

"A. He is now taking eskabarbe spansules, which is a long-acting type of phenobarbitol, twice daily, and he is also taking a preparation called ledexin—15 milligram size—which is an appetite depressant, to try to get him to lose weight.

"Q. Would you tell the Court what the purpose of the eskabarbe is?

"A. The eskabarbe spansule is given to him for the purpose of quieting his nerves and also for the purpose of relaxing his muscles, which will enable him to use them more efficiently. Since he has a

spastic right arm and spastic right leg, when he gets tense these muscles tighten up and they do not work well.

"Q. The spasticity in his right arm and right leg is due to the hemiplegia he suffered in 1954, is that right?

"A. Yes sir.

\*    \*    \*    \*    \*    \*

"Q. In your opinion, Dr. Hayes, does the taking of this medication—eskabarbe in particular—contribute to Brown holding his own as it were, in other words retaining his status quo, as far as his condition is concerned?

"A. I don't believe that the eskabarbe does anything for the original injury or accident. I think that it merely helps him—let me put it differently. I feel that it does not affect the problem of the stroke or the hemiplegia, but it merely helps him to live from day to day but does not affect the actual injury or illness.

"Q. It is not a curative measure?

"A. That's right. It is what we call a supportive treatment.

"Q. And it is supportive of the residue of his injury from hemiplegia?

"A. Yes, sir."

Dr. Hayes further testified that he thought it was important for anyone who had sustained a stroke to visit his physician regularly; that the minimum number of visits is a three-month or quarterly visit.

Dr. Hayes' testimony is substantiated by the testimony of Dr. Richard Henry Corales, witness for the defendant.

■ We find that plaintiff's quarterly visits to his physician and his taking of prescribed medication directly resulted from the stroke he suffered. Had he not suffered a stroke, his visits to his physician would not have been for the purpose testified to by Dr. Hayes; likewise, he would not have taken the instant medication. Although supportive rather than curative, plaintiff's medical visits and medication were reasonable and are compensable under LSA–R.S. 23:1203, unless the liability for payment is no longer assessable to defendant.

The next question for our determination is that of the period of time during which an employer and/or his insurance carrier can be held liable for medical expenses. LSA–R.S. 23:1203 provides:

"The employer shall in every case coming under this Chapter furnish reasonable medical, surgical and hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal not to exceed twenty-five hundred dollars in value, unless the

employee refuses to allow them to be furnished by the employer."

The above statute sets forth that medical expenses must be reasonable and cannot exceed $2,500.00. It expresses no time limit for making a demand for such expenses;[5] our jurisprudence, however, has held that a demand for medical expenses can be independently asserted, and that such demand is controlled by the general prescription provisions of the Workmen's Compensation Law. Brown v. Travelers' Ins. Co., La. App., 146 So. 774, 149 So. 290; Cook v. International Paper Co., La.App., 42 So.2d 558. In LSA–R.S. 23:1209, we find that where payment has been made (such as was done in the instant matter), limitation shall not take effect until the expiration of one year from the time of making the last payment. Herein, suit was filed on August 6, 1962; the last compensation payment was made to plaintiff on approximately September 14, 1961, and the last payment for medical expenses was made on approximately November 6, 1961.

No prescription has run against plaintiff. He has received medical expenses of only $1,720.16, being entitled under certain conditions to the maximum of $2,500.00, Vautrot v. Maryland Casualty Co., La.App., 32 So.2d 500; thus, only if the Workmen's Compensation Law limits the payment of medical expenses to a period of four hundred weeks, the maximum period for receiv-

ing total disability payments, can he be deprived of the medical expenses he seeks.

Defendant argues that medical expenses paid are payments of compensation, and that such medical expense payments must cease when compensation ceases.

Certainly, the right to claim medical expenses incurred as the result of an injury suffered during the course of employment has no existence independent of the Workmen's Compensation Law, but such claim is not necessarily dependent upon satisfactory proof of a right to compensation. Malone, Louisiana Workmen's Compensation Law and Practice, Page 365, Section 285. Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under the Workmen's Compensation Law. LSA–R.S. 23:1204.

We are impelled to conclude that under the Workmen's Compensation Law of Louisiana—unlike the statutes of some of our sister states, 99 C.J.S. Workmen's Compensation § 266a, page 916—medical expenses as set forth in LSA–R.S. 23:1203 are not constituted a part of compensation.

Nowhere in the Workmen's Compensation Law is there any provision that an allowance may be made to an injured workman for future medical expenses. However, herein the ends of justice require

5.  See, Source and History of Law, as set forth directly below LSA–R.S. 23:1203.

that plaintiff's right to assert his claim in the future for whatever amounts he may incur for treatment and medication (so long as they do not exceed the prescribed maximum and are the result of the stroke suffered) should be reserved unto him. Bickham v. Lester J. Danner, Inc., La.App., 86 So.2d 564. Our courts have consistently reserved the right of an injured workman to claim medical expenses which arise in the future. Boykin v. We Hope Gas & Oil Co., La.App., 2 So.2d 528; Rosenquist v. New Amsterdam Casualty Company, La.App., 78 So.2d 225; Gisevius v. Jackson Brewing Co., La.App., 152 So.2d 231. Such holdings would indicate that as long as such claims are not beyond the statutory maximum and the requirements of LSA–R.S. 23:1209 are met, there is no time limitation for assertion of the right to medical expenses.

We find nothing in the Workmen's Compensation Law setting forth the limitation which defendant would have us impose; we do not find from our study of the statute that the Legislature intended to impose such a restriction. If the Legislature desires to impose a time limitation whereby demands for medical expenses arising from an accident suffered during the scope and course of employment may be asserted under facts similar to those with which we

are confronted, it may so express its legislative will. "The office of judges is jus dicere not jus dare, to interpret law, not make law or give law. The instant case is a matter that addresses itself to the legislature not to the courts. See, Greater New Orleans Homestead Ass'n v. Bell, 219 La. 41, 52 So.2d 241." Madere v. Long, 231 La. 498, 91 So.2d 771.[6] Therefore, under the facts of this case, there is no merit in defendant's contention that plaintiff's demand for medical expenses in the amount of $90.-00, past payments not having been $2,500.00, may not now be asserted because defendant has paid plaintiff for a period of four hundred weeks total disability.

Under our findings, supra, we do not believe that the insurer was arbitrary and capricious in not paying the medical expenses demanded of it. It was generous in its disposition of plaintiff's claims; without legal proceedings, it paid total disability benefits for a period of four hundred weeks and paid medical expenses of $1,720.16. The medical expenses were paid approximately one month beyond the payment of disability benefits, and the insurer discontinued paying them when in its judgment they were no longer due. Counsel concedes that the questions herein raised are res nova; there was no legal precedent to guide de-

6. It is well settled that the Workmen's Compensation Law should be liberally interpreted in favor of the injured employee. Brownfield v. Southern Amuse- ment Co., 196 La. 73, 74, 198 So. 656, 657; Danielsen v. Security Van Lines, Inc., 245 La. 450, 158 So.2d 609.

fendant's actions. Under the facts of this case, we do not find that defendant is liable for penalties and attorneys' fees.

For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, is reversed and set aside. It is now ordered that there be judgment in favor of plaintiff in the amount of $90.00; the right to demand future medical expenses up to the prescribed maximum of $2,500.00 is reserved to plaintiff. All costs to be paid by defendant.

HAMITER, J., dissents, being of the opinion that the judgment of the Court of Appeal is correct.