262 So.2d 566 (1972)
In re ADOPTION OF GIAMBRONE.
No. 5012.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1972.
*567 Francis L. Morris, Metairie, for appellee.
John E. Unsworth, Beryl E. Wolfson, New Orleans, for plaintiffs-appellants.
Before CHASEZ, REDMANN, and BAILES, JJ.
CHASEZ, Judge.
This appeal arises from a judgment of the Juvenile Court of Jefferson Parish recalling, annulling and setting aside an interlocutory decree of adoption dated October 30, 1970 previously granted to Mr. and Mrs. Frederick Ellis, and in addition ordered the care, custody and control of the *568 minor child, Giambrone, be returned to his natural mother, Irma Ann Giambrone Lupo. Mr. and Mrs. Frederick Ellis have suspensively appealed from this judgment.
Irma Ann Giambrone, an unmarried female resident of Jefferson Parish, gave birth to a male infant on June 3, 1970 at Mercy Hospital in the City of New Orleans. On June 4, 1970 the natural mother executed to Dr. C. F. Bellone authority which authorized him to place the male child, whose birth was duly registered under the name of Giambrone, in the custody of Mrs. Margie Adams Ellis, wife of/and Frederick Ellis, who reside in Varnado, Washington Parish, Louisiana.
On June 19, 1970 Mr. and Mrs. Frederick Ellis filed a petition for an interlocutory decree of custody in the Jefferson Parish Juvenile Court. Pursuant to the request of the interlocutory decree, the testimony of Irma Ann Giambrone was taken by the court. At this hearing the mother gave her consent to the adoption. Subsequently, on October 30, 1970, an interlocutory decree of custody was granted on the petitioners, Mr. and Mrs. Frederick Ellis.
The record discloses that Irma Ann Giambrone was married to Eugene Lupo, Jr. on February 27, 1971 and on May 21, 1971 Irma Ann Giambrone, now the wife of Eugene Lupo, Jr., filed a motion to set aside the interlocutory decree rendered by the Court on October 30, 1970, alleging that she had no alternative but to surrender the child for adoption at the time of his birth, but that she was presently in a position to care for the child as a result of her marriage to Eugene Lupo, Jr. From the record it is clear that Eugene Lupo, Jr. is not the natural father of the child.
After hearing the plea of Irma Ann Giambrone Lupo the Juvenile Court rendered its judgment on September 9, 1971, recalling and setting aside its interlocutory decree rendered on June 30, 1970, and ordered the care, custody and control of the minor child Giambrone to be returned to his natural mother, Irma Ann Giambrone Lupo. From this judgment of the court Frederick Ellis and his wife, Margie Adams Ellis, have suspensively appealed.
Defendants, Mr. and Mrs. Ellis, allege error by the trial court in recalling and setting aside its interlocutory decree of adoption originally granted in their favor. Accordingly, LSA-R.S. 9:429 et seq. govern this case as to whether or not the judgment of September 9, 1971 shall be allowed to stand.
LSA-R.S. 9:431 provides the requirements for revocation of an interlocutory decree which reads:
"§ 431. Revocation of interlocutory decree; peremption after two years unless extended.
"At any time before the entry of the final decree of adoption the court for good cause, other than mere withdrawal of consent by legitimate parent or parents, by the mother or by the father who has acknowledged the child by notarial act as provided by Article 203 of the Civil Code, may revoke its interlocutory decree either on its own motion or on the motion of the department or on motion of the petitioner or any person interested in the child. However all parties upon whom the petition was originally served shall be notified at least ten days prior to the signing of the order of revocation and shall be given an opportunity to be heard upon their written request.
"If no petition for a final decree is filed within two years after the granting of an interlocutory decree the latter shall become null and void unless good cause is shown why an extension should be granted. As amended Acts 1960, No. 268, § 3."
Mrs. Irma Lupo is obviously allowed to file the motion that she did as the statute allows the revocation of an interlocutory decree of a Juvenile Court on the motion of "any person interested in the child." However, the decree cannot be recalled unless "good cause" is established by the mover. Mere withdrawal of consent *569 by the legitimate parent is not sufficient good cause.
Consent of the parents to the adoption is a basis for rendition of the interlocutory decree but it is not necessarily a requisite to the final decree. LSA-R.S. 9:431 and 9:432; In Re Meier's Adoption, 169 So.2d 583 (La.App., 4th Cir., 1964).
Petitioner, Irma Lupo, contends that her consent was obtained through fraudulent and coercive means in that her parents refused to allow her to return home with the child and that the interlocutory decree should therefore be annulled and set aside.
We are convinced that consent of the natural parent obtained by fraud or coercion is sufficient cause to rescind an interlocutory decree. The statute makes the legislative intent quite clear. After the interlocutory decree of adoption, lack of continuing consent by the natural parent is no longer a viable issue. However, if the consent necessary for the interlocutory decree is obtained by fraud or duress, sufficient good cause may be established for revocation of the decree. Nevertheless, under the evidence contained in the record, we do not find that the consent of the natural mother was obtained by such irregular means.
Irma Lupo was, at the time of giving birth, 20 years of age and unmarried. She resided in her parental home before and immediately after the birth of her child. By testimony given at the hearing for the interlocutory decree, she stated that she was told to give up the baby by "[m]y doctor, my mothr, my priest. They said that would be the best thing for him." Mere counselling cannot be considered duress. Additionally, the Juvenile Court Judge informed her that the only way she could give up her child for adoption would be through her own free will, not because she was told to. To which she replied, "alright, I do then." Further testimony reflects her knowledge as to the full consequences of her action.
"BY THE COURT:
Q. "The law is that after I sign a judgment of adoption you will lose all care, custody and control over this child and the child will be to the adopting parents the same as if the child were born to them, knowing that to be the law are you still in accord with the adoption?
A. "I don't understand what you mean.
Q. "The law is that after I sign this adoption you will lose care, custody and control over that child and it will be to the adopting parents the same as if the child were born to them, knowing that to be the law are you still in accord with and approve the adoption?
A. "Yes."
Counsel for petitioner points out that at the time of giving her testimony in regard to her consent she became very emotional and began crying. However, this is not necessarily a sign of duress or lack of consent. Because of the nature of the action the parties will oftentimes become emotional during the proceedings of this character.
We also do not find duress from petitioner's allegations that her mother would not let her return to the parental home, especially in view of petitioner's age and lack of showing that she sought any means of support for the child before or immediately after its birth, or for that matter, before the interlocutory decree of adoption was signed. We additionally note her testimony reflecting the fact that if she had not subsequently been married she would not have sought the return of the child.
Once consent to adoption is freely and lawfully given and an interlocutory decree has been entered, the so-called natural rights of the natural parent are ended. If the natural parent who initially gave consent opposes the adoption of the child, then he or she must do so as any other interested party might.
*570 A petitioner seeking revocation of an interlocutory decree must prove that the adoptive parents are unfit, or that it would be to the best interests of the child that such a decree be revoked. In Re Bourque, 245 So.2d 525 (La.App., 3d Cir., 1972). Petitioner Irma Ann Giambrone Lupo has neither alleged nor proven either of these grounds.
Although completed before the rendition of the interlocutory decree, we find significant the report by the Department of Public Welfare on the fitness of Mr. and Mrs. Frederick Ellis as parents for the child. Issued with that report is the statement that it would be in the best interests of the child to allow the adoption.
For the foregoing reasons the judgment dated September 9, 1971, annulling and recalling the interlocutory decree rendered by the Juvenile Court for the Parish of Jefferson on October 30, 1970 is reversed, annulled and set aside.
Reversed.