STOULIG, Judge.
Appellants, Mr. and Mrs. Robert Paul Nolting, have appealed a judgment of the Orleans Parish Juvenile Court denying their application to adopt their grandson, Joe Brian Williams. The judge rejected their petition because he concluded the natural mother, Cynthia Nolting Williams, petitioners’ daughter, neve/ gave an informed consent to her son’s adoption.
On April 23, 1974, appellants filed the first pleading required to apply for adopt *812 ing a child under 17 years of age, in which they sought an interlocutory decree granting them custody of the child and an order to set in motion the investigative process prescribed by law to determine if the adoption would be for the child’s best interest. Among the exhibits attached to the petition is an affidavit signed “Cynthia Diann Nolting Williams” that declares in part:
“ * * * Desiring to act in the best interest of the child, and recognizing that the well-being of the child would best be served by his permanently residing with his grandparents, I hereby consent, pursuant to the Louisiana Statutes on adoption, that Robert Paul Nolting and Doris June Whitehead Nolting be permitted to adopt my son, Joe Brian Williams, in accordance with the appropriate legal proceedings established in Louisiana.”
On May 14, 1974, the natural mother was personally served with a copy of this pleading and failed to appear at the hearing of June 19, 1974 that culminated with a decree granting temporary custody. Because the father is a resident of Texas, a curator ad hoc was appointed to represent him in this proceeding. His consent to the adoption was also evidenced by an undated affidavit.
On January 30, 1975, appellants filed the final petition for adoption. Cynthia Nolt-ing Williams appeared at the hearing on the final decree and objected to her son’s adoption by petitioners. In view of this denial the judge was not satisfied that the natural mother had been fully informed of the legal consequences of the adoption. Nor are we. Mrs. Williams testified she signed the affidavit for the purpose of conferring temporary custody of the child on petitioners. She claimed she was not aware that adoption effectively terminated all rights and responsibilities she had as mother of the child.
We cannot agree with the juvenile court judge’s statement that valid consent prior to rendition of the interlocutory decree could only obtain if the natural parent appeared in court and was advised about the finality and irrevocability of giving consent to adoption. We hold that if the notarial declaration recited the explanation that she had been given as to the consequences of her signing and if she acknowledged having been so advised, this would suffice to constitute a free and valid consent that could not be withdrawn after the interlocutory decree was signed.[1]
In this case the notarial declaration in itself does not prove Mrs. Williams was fully aware of the consequences of her consenting to permit the Noltings to adopt her child. The document contains no language that might be construed as a caveat to the affiant that her maternal relationship with her child is fully and forever severed once the interlocutory decree is signed. It simply states she recognizes the desirability of her son permanently residing with the Noltings.
We do not hold that an affidavit of this sort may not be supplemented by parol evidence to demonstrate the natural mother was in fact fully aware of the consequences of her action. And while the better practice might be to recite or summarize the information that was made available to the mother before she signed the declaration to obviate the problem we have here, the adoptive parents have the right to prove by extrinsic evidence the natural parent gave an informed consent by signing the declaration.
The testimony on this point is conflicting. Petitioners state unequivocably their daughter fully realized she was relinquishing all rights to her child when she signed the affidavit. The natural mother conversely explained she thought temporary custody was at issue and further asserted *813 she did not appear at the interlocutory-hearing because Robert Nolting threatened her with the possibility that she would lose her child forever if she did appear.
If the reasons for judgment clearly stated the juvenile court judge accepted the testimony of Cynthia Williams as more credible than that of her parents and the notary before whom she signed the affidavit, this judgment should be affirmed. But they only indicate in an oblique way that her testimony did influence the result without directly stating her testimony is more believable. The evidence is inconclusive; therefore, in the interest of justice, we will remand this matter to permit appellants and appellee to more fully develop evidence in support of their respective positions as to whether a free and valid consent was given before the interlocutory decree was signed.
For the reasons assigned, the judgment appealed from is annulled and this matter is remanded for further proceedings consistent with the views herein expressed.

JUDGMENT ANNULLED; REMANDED.

. L.R.S. 9:429 and 432(B); Lange v. Cole, 289 So.2d 304 (La.App. 1st Cir. 1973); In re Adoption of Giambrone, 262 So.2d 566 (La.App. 4th Cir. 1972).