428 So.2d 952 (1983)
In re David SHAVOR Applying for the Adoption of Desi Ray Pierre Zeringue, Jr.
No. 82 CA 0718.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Writ Denied April 15, 1983.
F. Smith Knobloch of Knobloch & Knobloch, Thibodaux, for David M. Shavor, appellee.
John T. Bourgeois of Bourgeois & Bourgeois, Thibodaux, for Desi Ray Pierre Zeringue, natural father of child, appellant.
Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
The legitimate father of a child under the age of seventeen appealed the final decree of adoption of his child.
The issues on appeal are the best interest of the child and the presence of coercion or fraud in the father's consent.
We affirm.
This case is before us a second time, after the previous adoption decree was reversed and the case remanded for the reception of evidence on appellant's objections to the adoption and on the best interest of the child. In Re Shavor, 408 So.2d 386 (La.App. *953 1st Cir.1981), writs denied (La. February 5, 1982). The trial court, after a full hearing, granted the adoption and the legitimate father appealed a second time.
David Shavor, the petitioner, together with his wife and the child, are currently living in Colorado because of working conditions and health. The child's asthma problems have improved; he is happy and making good grades in school. The petitioner adequately provides for the child, treats him as his own son, and wants strongly to adopt the child to strengthen the family unit. No negative evidence about the petitioner was introduced, except for contradictory testimony concerning a "scuffle" between the two families.
The appellant, who was divorced from the child's mother in 1979, was given reasonable visitation rights, was not ordered to pay child support and has not voluntarily assisted in providing for his son. He had severe drug abuse problems during part of his marriage; these prevented him from establishing a meaningful relationship with his son. He was released from a drug abuse treatment center in September of 1978 and contends that he has stopped using drugs, although he had visited a treatment center a month prior to the second hearing.
The child's mother testified that the appellant visited his son two to three times from their separation in May, 1978, until the first adoption hearing in September, 1980. However, the child often visited his paternal grandparents and appellant contends that he saw the child on those occasions. Prior to the adoption, he was never refused the right to visit the child; but after he withdrew his consent for adoption, he was told to stay away.
The appellant admitted that he has no current relationship with his child, and their relationship was poor prior to the separation. He now wishes to establish a good relationship and his work schedule would permit him to see the child in Colorado. The child had a good relationship with his paternal grandparents and has indicated that he would like to visit them.
On these facts, the trial judge found that the adoption was in the best interest of the child. He was influenced by his belief that the father had not had any relationship with his child for a long time and it would be impossible to establish one now due to the distance involved.
The rule about the consent of a child's natural parent, prior to adoption, has been legislatively amended several times. While originally consent had to be continuing up until the time of the final decree of adoption, In Re Byrd, 226 La. 194, 75 So.2d 331 (1954), this was amended to require continued consent only until the entry of the interlocutory decree. Moreland v. Craft, 244 So.2d 37 (La.App. 3rd Cir.1971), writ refused, 258 La. 348, 246 So.2d 197 (1971). In 1979, the adoption laws were amended to provide that the withdrawal of consent given in a notarial act shall not bar an interlocutory decree if the court finds that the adoption is in the best interest of the child. LSA-R.S. 9:429.[1]
In affirming the trial court's decision, we rely heavily on the testimony that the child has had no close relationship with his father in the past, thus lessening the severity of the termination of that relationship. The absence of evidence that the appellant has ever had a close "father-son" relationship with his son, distinguishes the proceeding from the "best interest" determinations in Adoption of Latiolais, 376 So.2d 555 (La.App. 3rd Cir.1979), affirmed 384 So.2d 377 (La.1980), and In Re Hinton, 390 So.2d 972 (La.App. 2d Cir.1980), writ not considered, 396 So.2d 1350 (La.1981).
*954 While the child has had a strong and close relationship with his paternal grandparents in the past, we cannot say the trial judge was manifestly erroneous in granting the adoption.
The appellant contends that his consent was induced by promises of continued visitation and concealment of the planned move to Colorado. The record confirmed that the appellant was told that he would be able to visit the child if he consented to the adoption.
The consent of a natural parent obtained by fraud or coercion is sufficient cause to rescind an interlocutory adoption decree. In Re Adoption of Giambrone, 262 So.2d 566 (La.App. 4th Cir.1972). Although an adoption can now be granted even when consent is withdrawn, a valid initial consent is still a prerequisite.
The appellant admitted that he signed the consent because he thought the adoption would be in the best interest of his son. We find that no coercion or fraud was involved.
For these reasons, the trial court's judgment is affirmed and costs are assessed to the appellant.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:429

The judge, upon examining the confidential report and upon the parties being interrogated, may grant or refuse to grant an interlocutory decree during or after the hearing hereinabove provided. The clerk of court shall forward a certified copy of the decree to the department. The withdrawal of consent to the adoption of a child, once given in a notarial act by the parent or parents of the child, shall not bar an interlocutory decree of adoption, if the court considers the decree in the best interest of the child.