GARRISON, Judge.
This is an appeal from a judgment of the Juvenile Court, dismissing an action to have Theodore Banks declared an abandoned child under R.S. 9:401 et seq. The trier of fact found that the natural mother had legally abandoned the child, but he felt compelled to dismiss under this court’s ruling in In Interest of Jackson, 312 So.2d 912 (La.App. 4th, 1975). Mr. and Mrs. Donald Trotter appealed the judgment, which we now reverse.
Theodore Banks is the adulterous bastard of Donald Trotter and Joyce Banks. When the child was two months old, Miss Banks contacted Donald Trotter, who testified that she told him to come get the boy or she would give him away to the first person on the street. Mr. and Mrs. Trotter have raised the boy for over four years. They have borne all costs for support and have paid for several operations, including shunt implanation. During that time, Miss Banks has never contributed to the boy’s support, sent Christmas cards, talked to the boy, attempted to visit him at the Trotter’s home, or otherwise expressed any interest in his well-being.
The trial judge in his written reasons for judgment stated as follows:
The Court feels there is abundant evidence that the Mother, Joyce Marie Banks, intended to permanently avoid her responsibilities; that the proposed adoption by Mr. and Mrs. Trotter, the only parents the child is aware of, would be to the best interest of the child, even though this is not the criterion in an abandonment proceeding.
In the Interest of Keith Jackson, 312 So.2d 912 (App. 4th, 1975), the Fourth Circuit Court of Appeal declared that the procedure provided for in R.S. 9:401(1) etc., was not designed to afford a method for one parent to terminate the parental right of the other. Quoting from that opinion:
‘While a child who has been judicially declared abandoned can thereafter be placed for adoption by the agency in an agency adoption proceeding, the action to declare a child abandoned was not intended as a first step in a private adoption proceeding or as a method of dispensing with parental consent in such a proceeding.’
The Court feels that it is bound by the principal enunciated in the Jackson case and for that reason must dismiss the affidavit for abandonment.”
Since the record supports the factual conclusions of the trial judge, the Jackson case must now be considered to determine if the judgment appealed from is legally correct.
LSA-R.S. 9:403 B authorizes an abandonment action to be initiated by an agency or officer of the court. R.S. 9:403 C authorizes the court to decree a child as abandoned and to “place the child in the custody of an agency, a person or persons or make any other disposition of the child that is in the best interest of the child.” We cannot ignore this plain wording which confers plenary authority on the court to declare a child abandoned and to make any disposition which is in the child’s best interest.
There are factual distinctions between Jackson and the present case which lead to *499 an opposite result here. However, we can appreciate why the trial judge concluded that his decision was controlled by Jackson when we consider the language of the Jackson case which was quoted by the trial judge in the present case.
Because the cases can be distinguished we do not consider it appropriate to overrule Jackson, but we do repudiate the quoted language of the Jackson opinion as over-broad and misleading dicta.[1]
Accordingly, the judgment of the trial court is reversed and we render the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that Theodore Banks is hereby declared to be an abandoned child and that he be placed in the custody of Esther Smith Trotter, wife of/and Donald Trotter.
REVERSED AND RENDERED.

. This opinion was circulated to the court en banc, the majority of whom have approved of repudiating the quoted language from In Interest of Jackson.