ELLIS, Judge.
This is a suit by Nelson and Lydia Allain for the adoption of Kelly Rene Levert, legitimate child of Richard Levert and Patricia Boudreaux Levert. The adoption was opposed by Mrs. Levert. After trial on the merits, the court found that Kelly had been legally abandoned by Mrs. Levert and granted an interlocutory decree of adoption to Mr. and Mrs. Allain. Mrs. Levert has appealed.
Kelly was born on July 7, 1977, and lived with her parents until June 1, 1978, when Mrs. Levert voluntarily committed herself to East Louisiana State Hospital for treatment for drug related problems. At that time, Mr. Levert took Kelly to Mr. and Mrs. Allain, who agreed to care for her. On June 15,1978, Mr. and Mrs. Allain, with the consent of Mr. Levert, were granted custody of Kelly by order of the Juvenile Court of West Baton Rouge Parish.
Mrs. Levert was discharged from the hospital on September 14,1978, and learned for the first time that the Allains had custody of Kelly. She retained an attorney, who filed a rule for custody in the juvenile proceeding. Apparently, a conference was held with the judge relative to custody, and, in April 1979, an arrangement was reached by virtue of which Mrs. Levert would visit Kelly with increasing frequency and eventually regain full custody. Apparently, support for the child was discussed, but no arrangements were made relative thereto. In June 1979, Mrs. Levert filed a second rule to have custody restored to her. The record does not reveal the result of the rule, but Kelly remained with Mr. and Mrs. Al-lain.
In July or August of 1979, Mr. and Mrs. Levert separated, and Mrs. Levert moved to Livingston Parish. She continued to see Kelly two or three times a week, at the home of the Allains. On February 2, 1980, Mrs. Levert moved to Oswego, New York, where her brothers lived. She telephoned Kelly at irregular intervals from New York. On March 31, 1980, Mrs. Levert was badly burned in an automobile accident, and was hospitalized until June 7, 1980. She continued to receive outpatient treatment for her burns for some time thereafter. During her hospitalization, she called Kelly several times a day until she was told by the judge of the Juvenile Court to call no more than once a week. She continued to call Kelly at intervals until she returned to Louisiana in October 1980.
During the entire period that Kelly lived with the Allains, Mr. and Mrs. Levert paid only $150.00 to the Allains, in early 1979. Mrs. Levert had no recollection of having been ordered to send support money. The Allains never requested any support for Kelly from either of her parents. Mrs. Le-vert inquired periodically as to whether Kelly needed anything, and was told by Mrs. Allain that she did not. Mrs. Levert periodically sent toys and some clothing to Kelly. Throughout the entire period she always expressed a desire to regain custody of her daughter.
This petition for adoption was filed on August 29, 1980, alleging the desire of Mr. and Mrs. Allain to adopt the child, and further alleging that the natural parents had contributed nothing to the support of their child for over nine months, and had “evidenced an attention to permanently avoid all parental responsibility for the minor child, which circumstances indicate that KELLY RENE LEVERT is an abandoned child under the appropriate laws of Louisiana.”
As pointed out above, the trial judge found that Kelly had been legally abandoned by her parents, and granted the interlocutory decree of adoption. The major point at issue is that of abandonment.
R.S. 9:403. A. provides, in part, as follows:
“A child shall be considered abandoned when clear and convincing evidence is introduced at a judicial proceeding to prove either:
“(l)(a) The child has been deserted for a period of at least four months by his *769 parent or parents, the whereabouts of his parent or parents are unknown, the parent or parents have made no provision for the child’s care and support .and have shown an intention to avoid parental responsibility; or
“(b) the parent or parents have failed to provide for the care and support of the child for a period of at least four months under circumstances showing an intention to permanently avoid parental responsibility.”
R.S. 9:403. B. provides for the initiation of an abandonment proceeding as follows:
“An affidavit may be made by an agency, or an officer of the court, before the judge or clerk of the juvenile court having jurisdiction over the child setting forth in general terms the facts constituting abandonment and the place or residence of the parent of the child if known to the deponent....”
There is no provision in the statute permitting a private individual to initiate an abandonment proceeding. A number of cases have held that private individuals have no standing to initiate an abandonment proceeding. In re State in Interest of Fischbein, 194 So.2d 388 (La.App. 4th Cir. 1967); In re Meier’s Adoption, 169 So.2d 583 (La.App. 4th Cir. 1964); In Interest of Jackson, 312 So.2d 912 (La.App. 4th Cir. 1975). In the latter case, the court stated that the abandonment action “was not intended as a first step in a private adoption proceeding or as a method of dispensing with parental consent in such a proceeding.”
However, in State ex rel. In the Interest of Banks, 392 So.2d 497 (La.App. 4th Cir. 1980), the Fourth Circuit repudiated the above language from the Jackson case, and permitted a decree of abandonment in an action instituted by the natural father and his wife. In so holding the court stated:
“ j-iSA — R.S. 9:403 B authorizes an abandonment action to be initiated by an agency or officer of the court. R.S. 9:403 C authorizes the court to decree a child as abandoned and to ‘place the child in the custody of an agency, a person or persons or make any other disposition of the child that is in the best interest of the child.’ We cannot ignore this plain wording which confers plenary authority on the court to declare a child abandoned and to make any disposition which is in the child’s best interest.”
R.S. 9:403.C. reads in full, as follows: “In the event the facts constituting abandonment are proved by clear and convincing evidence to the satisfaction of the court, the court shall decree the child to be an abandoned child and may place the child in the custody of an agency, a person or persons, or may make any other disposition of the child that is in the best interest of the child.”
We must disagree with the above holding of the Fourth Circuit. It is our opinion that this section of the statute is intended to apply only to actions properly instituted by a private individual. We therefore find that the trial court improperly considered the abandonment aspect of the case.
In any event, however, we find the trial judge to have been manifestly erroneous and clearly wrong in his finding that Patricia Boudreaux Levert had legally abandoned her child. Although she provided no support, none was requested, even when she inquired, and Mrs. Levert did periodically send gifts and clothing for her child. No one disputes the fact that Mrs. Levert has been steadfast in her desire to regain custody of her child. We think it clear that the circumstances of this case do not evidence “an intention to permanently avoid parental responsibility”, as required by R.S. 9:403.A.(l)(b). Even in a properly instituted proceeding we find that Kelly could not be considered as abandoned by her mother.
Since Mrs. Levert has not given her consent to Kelly’s adoption, and since that consent is necessary, absent a finding that Mrs. Levert has forfeited her parental rights by legally abandoning her child, the adoption decree herein rendered cannot stand.
The judgment appealed from is therefore reversed and set aside and there will be *770 judgment dismissing the adoption petition of Nelson Allain and Lydia Allain at their cost.
REVERSED AND RENDERED.