428 So.2d 930 (1983)
In the Matter of Winona Blount WHEAT et al., Applying for a Decree to Have Child Declared Abandoned
v.
Annie Lindsey STREET, et al.
No. 82 CA 0611.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Jerry H. Bankston, Baton Rouge, for plaintiff.
Larry Starns, Deham Springs, for defendant.
Before LOTTINGER, COLE and CARTER, JJ.
*931 LOTTINGER, Judge.
This is an abandonment proceeding instituted by Winona and Newman Wheat to have the child, Amanda May Street, declared abandoned under the provisions of La.R.S. 9:403. Annie Lindsay Street, Amanda's natural mother, appeared in opposition to the proceeding. The trial court found that Amanda May Street had been abandoned by her mother and father (the father did not resist the abandonment proceeding). From that judgment, Ms. Street appeals.

SPECIFICATION OF ERRORS
Ms. Street has assigned three errors by the trial court: 1) there was a lack of clear and convincing evidence that the appellant "deserted" her child for at least four months with an intention to avoid parental responsibility; 2) there was no clear and convincing evidence that the appellant failed to provide for the care and support of her child under circumstances showing an intention to permanently avoid parental responsibility; and 3) the trial court did not apply the correct standards of law to the facts of the case.

FACTS
Amanda May Street was born in late 1980. On August 13, 1981, when she was approximately nine months old, Amanda was placed in the custody of Winona and Newman Wheat after a joint petition for change of custody had been filed by the Wheats and the Streets, Amanda's parents.
The testimony was conflicting as to why Ms. Street decided to have Amanda placed with the Wheats, and as to the duration of that placement. The Wheats testified that Ms. Street initially said that she wanted them to adopt Amanda; Ms. Street later changed her mind in early December, 1981, and told the Wheats she wanted Amanda to remain with them between two and four years until "she got straightened out." Ms. Street testified that the change of custody was always understood to be temporary, and that she told the Wheats she would take back Amanda when she got her affairs in order.
Ms. Street apparently contacted the Wheats several times to ask about Amanda's welfare. There may or may not have been an offer of monetary support made by Ms. Street to the Wheats. Mrs. Wheat stated, however, that had Ms. Street offered money to her, she would have refused.
Ms. Street now lives with her sister, Janet Lambert, in McComb, Mississippi. Ms. Lambert stated she would welcome Amanda into her home, which has ample living space to accommodate her.
We note initially, ex proprio motu, that plaintiff-appellees have no right of action to institute this suit. See La.Code of Civ.P. art. 927.
In the recent case of In re Allain, 407 So.2d 767 (La.App. 1st Cir.1981), we held that La.R.S. 9:403, dealing with abandonment actions, contains no provisions which allow private individuals to initiate such proceedings.
La.R.S. 9:403 B reads in part:
"An affidavit may be made by an agency, or an officer of the court, before the judge or clerk of the juvenile court having jurisdiction over the child setting forth in general terms the facts constituting abandonment and the place or residence of the parent of the child if known to the deponent...." (emphasis added)
The legislature, had it intended to allow private individuals to initiate abandonment proceedings, could have done so by inserting "or other interested person or persons" into the statute. Since it did not, we find that the trial court erred in deciding the case upon its merits. The plaintiffs had no right of action to institute this suit.
Appellees by brief have requested that this court reconsider its holding in In re Allain. We are convinced that the Allain decision was and is correct.

DECREE
The judgment of the trial court is therefore reversed, and the petition of Winona and Newman Wheat seeking a declaration *932 of abandonment is dismissed with prejudice at appellees' costs in both the trial court and in this court.
REVERSED AND RENDERED.