COLE, Judge.
The issue in this appeal is whether or not private individuals may invoke the remedy provided by law (La.R.S. 9:403) to have a child declared abandoned.
A petition to have a child, Jeffery Rene Young, declared abandoned by his mother, Sandra Causey Gaines, was filed by Paulette and Michael Young, the child’s aunt and uncle, and Jeffery Young, his natural father. The child’s mother filed the peremptory exception raising the objection of no right of action, challenging petitioners’ interest or capacity to institute an abandonment proceeding pursuant to La.R.S. 9:403. The trial court maintained the exception and dismissed the petition. Petitioners now appeal this ruling.
Initially, petitioners contend the trial court was in error because its ruling on the exception of no right of action was reconsidered after trial on the merits without being reurged by either counsel. This contention is without merit. La.Code of Civ.P. art. 927 provides that the objection of no right of action may be noticed by a trial court of its own motion. Also, this appellate court may consider the exception of its own motion. See Wheat v. Street, 428 So.2d 930 (La.App. 1st Cir.1983). Therefore, the question is properly before this court.
In the trial court the respondent, Sandra Causey Gaines, was first represented by Mr. Roy Burns and is now represented by Mr. Richard L. Reynolds. These attorneys also serve in the capacity of Assistant District Attorneys who have had or now have responsibility for the handling of juvenile matters within the St. Tammany Parish District Attorney’s office. The petitioners contend these gentlemen are officers of the court within the meaning of La.R.S. 9:403 B and therefore their representation of the mother creates a conflict with the best interests of Jeffery Rene Young, the child. Thus, petitioners contend the best interests of the child may only be protected by allowing an individual right of action in this case.
La.R.S. 9:403 permits abandonment actions to be initiated only by an agency or officer of the court. Wheat v. Street, supra. A private individual, even a natural parent, may not institute proceedings to have a child declared legally abandoned. Matter of Harrell, 413 So.2d 1346 (La.App. 1st Cir.1982).
It is foundless for petitioners to claim the respondent created a conflict of interest merely by hiring representation in her defense, because petitioners had no standing under Wheat to file the petition in the first instance. The Louisiana Department of Health and Human Resources (DHHR) or an agency or institution licensed by them for the placement of children for adoption has the authority to institute proceedings according to La.R.S. 9:403 B. The Fourth Circuit in State in Interest of Bartee, 446 So.2d 512, 514 (La.App. 4th Cir.1984), writs denied 450 So.2d 358 (La.1984), emphasizes this department is specifically empowered by the legislature through the plain language of La.R.S. 9:403 B to act in the area of child abandonment. The presence of DHHR and the legislative mandate providing limited authority to proceed under La.R.S. 9:403 B is apparently intended to obviate the necessity of a private action to protect the rights of an abandoned child. This is not to say, however, we agree with the legislative preclusion of all private individuals from initiating proceedings to have a child declared abandoned. It may well be the gravity of certain situations warrant such proceedings by close relatives of a child. We need not always look to government for protection or to exercise those human rights inherent in nature. In any event, it is our role to interpret law, not to legislate. Any change in the clear import of R.S. 9:403 *638 must await the solemn expression of legislative will. The trial court was correct in dismissing the petition in the abandonment proceeding. Appellants are cast for all costs.
AFFIRMED.
LANIER, J., concurs in the result.