KUHN, J.
| -.This appeal involves a judgment ordering an intrafamily adoption. We vacate this judgment and remand this matter for further proceedings.
I. FACTUAL AND PROCEDURAL BACKGROUND
J.L.J., the natural mother of T.M.L. (the minor child), and L.C.J., who married J.L.J. several months after T.M.L. was born, filed a petition for intrafamily adoption. The petitioners alleged that J.L.J. has exercised physical custody of T.M.L. since his birth on February 25, 2004. They further alleged that the alleged biological father, M.J.A., has not supported the child since his birth and that M.J.A has failed to “visit, communicate or attempt to communicate with the child without just cause for a period of 6 months.”[1] J.L.J also executed an authentic act by which she consented to the adoption of her child by L.C.J, and the petitioners further alleged that the adoption by L.C.J. was in T.M.L’s best interest.
M.J.A. initially filed a pro se letter of opposition to the minor child’s adoption, and he later hired counsel, who represented him during an April 25, 2006 hearing that addressed whether the adoption decree should be entered. At this hearing, appearances were made by counsel for petitioners and counsel for M.J.A. On that day, after hearing the testimony of the petitioners and M.J.A., the trial court signed a final decree of adoption.
II. ANALYSIS
Chapter 11 of Title XII of the Children’s Code, which contains Articles 1243 through 1258, sets forth the relevant procedures for intrafamily adoptions. ¡¡¡Persons who may petition for an intra-family adoption must file a petition that sets forth certain proscribed information. La. Ch. C. arts. 1243 and 1246. Louisiana Children’s Code article 1247 C further provides, in pertinent part:
If the adoption petition names an alleged ... father and his parental rights have not been terminated by a court of competent jurisdiction, he shall be served with notice of the filing of the *366 petition ... and thereafter, his rights shall be determined in accordance with the provisions of Articles 1187 through 1143.
Louisiana Children’s Code article 1137 A establishes that the alleged father may file an opposition to the proposed adoption. After receiving such notice of an opposition, “[T]he court shall appoint an attorney to represent the child .... Neither the child nor anyone purporting to act on his behalf may be permitted to waive this right. The costs of the child’s representation shall be taxed as costs of court.” La. Ch. C. art. 1137 B. “Throughout the Children’s Code, independent counsel is typically required for the child in disputed cases.” (quoting Lucy S. McGough & Kerry Triche, Louisiana Children’s Code Handbook 2006, Authors’ Notes, at 649.) Louisiana Children’s Code article 1255 also mandates that the basic consideration of the court with regard to intrafamily adoptions “shall be the best interests of the child.” In such a disputed case, the child’s individual best interests warrant protection by independent legal representation. Further, we recognize that adoption is a creature of statute and all of the statutory requirements must be strictly carried out otherwise the adoption is an absolute nullity. In re Byrd, 226 La. 194, 199, 75 So.2d 331, 332 (La.7/2/54).
In the present case, the petition named M.J.A. as the alleged father and did not set forth allegations that a court of competent jurisdiction had terminated M.J.A.’s paternal |4rights. The record does not otherwise establish that M.J.A.’s rights have been terminated. Further, M.J.A has opposed the proposed adoption. Thus, in accordance with Louisiana Children’s Code article 1137 B, the trial court was obligated to appoint an attorney to represent the minor child before holding the contradictory hearing regarding the adoption. Since the court failed to take such action to protect the minor child’s best interest, we must vacate the trial court’s judgment that ordered the adoption and remand for further proceedings in accordance with this opinion.
III. CONCLUSION
For these reasons, the trial court’s April 25, 2006 final decree of adoption is vacated. This matter is remanded with instructions to the trial court to appoint counsel to represent the minor child. Assessment of appeal costs is to await a final disposition of this matter.
VACATED AND REMANDED.

. Our reference to the petition includes the allegations contained in the initial petition and in two supplemental petitions,