CHEHARDY, C.J.
A.L.S., Jr.,[1] the biological father of the minor child, K.S.S., appeals the trial court's judgment terminating his parental rights and allowing the final adoption of the minor child by her stepfather, J.N.M. For the following reasons, we reverse and remand with instructions.
Factual and Procedural History
K.S.S., who is the subject of this intrafamily adoption, was born on June 25, 2009 in Roseville, California. On September 10, 2010, K.S.S.'s parents, who were domiciled in California, divorced. That day, although K.S.S.'s parents were granted joint legal custody, L.S.S.M., the child's mother, was given "90 percent [physical] custody" and her father, A.L.S., Jr., was granted "10 percent."
A.L.S., Jr. remarried in 2013. Almost immediately, L.S.S.M. moved away from California with K.S.S. and, after a few months, ended up in Louisiana. In 2015, L.S.S.M. remarried J.N.M.; the couple is domiciled in Louisiana.
On March 22, 2017, J.N.M. and L.S.S.M. filed a petition for intrafamily adoption of K.S.S. in the Twenty-Ninth Judicial District Court for the Parish of St. Charles, Louisiana. In response, A.L.S., Jr. filed, inter alia ,[2] an answer and opposition to the intrafamily adoption on October 18, 2017. On October 23, 2017, the trial court heard testimony from the child's mother, stepfather, father, and stepmother. After taking the matter under advisement, the trial court terminated A.L.S., Jr.'s parental rights and determined that the adoption was in the best interest of K.S.S. On November 17, 2017, the trial judge rendered a final decree of adoption naming K.S.S. as J.N.M.'s child. From this judgment, A.L.S., Jr. now appeals.
Standard of Review
An intrafamily adoption is the adoption of a child by a stepparent or certain other relatives of the child. See La. Ch.C. arts. 1170, 1243. The party petitioning the court for adoption carries the burden of proving a biological parent's consent is not required under the law.
*1313 In re B.L.M. , 13-0448 (La. App. 1 Cir. 11/1/13), 136 So.3d 5, 9. The burden of proof for the person seeking to adopt under such circumstances is clear and convincing evidence. In re Bourgeois , 04-1466 (La. App. 5 Cir. 4/26/05), 902 So.2d 1104, 1108, writ denied , 05-1197 (La. 6/3/05), 903 So.2d 470. However, even upon finding that a parent has lost his right to consent to the adoption, the adoption should only be granted when it is also found to be in the best interest of the child. In re Intra Family Adoption of A.G.T. , 06-805 (La. App. 5 Cir. 3/13/07), 956 So.2d 641, 648, writ denied , 07-0783 (La. 5/4/07), 956 So.2d 611.
The trial court is vested with great discretion in determining whether an adoption is in the best interest of the child and each case must be decided on its own facts. The trial court's discretion is not absolute, however, and a determination of the child's best interest is subject to reversal if the record reveals manifest error in the determination. In re B.E.M. , 07-94 (La. App. 5 Cir. 5/29/07), 961 So.2d 498, 501.
Law and Discussion
In his first assignment of error,[3] A.L.S., Jr. contends that the trial court erred by failing to appoint an attorney to represent the child as mandated by La. Ch.C. art. 1244.1.[4] We agree.
La. Ch.C. art. 1244.1(B) provides,
Upon receipt of the opposition, the court shall appoint an attorney to represent the child, subject to the limitations in Article 1121.[5] Neither the child nor anyone *1314 purporting to act on his behalf may be permitted to waive this right. The costs of the representation of the child shall be taxed as costs of court.
The language of the statute is mandatory and is not subject to waiver. Further, adoption is a creature of statute and all of the statutory requirements must be strictly carried out. In re T.M.L. , 06-1442 (La. App. 1 Cir. 12/28/06), 951 So.2d 364, 366. "Throughout the Children's Code, independent counsel is typically required for the child in disputed cases." Id.
In a termination of parental rights proceeding like this that will profoundly affect the minor's life, La. Ch.C. art. 1244.1(B) ensures that there is independent representation of the child's interest, free from potential conflicts. We are unpersuaded by appellees' - J.N.M. and L.S.S.M. - argument that appointment of independent counsel was not required because A.L.S., Jr.'s opposition was untimely. First, the trial court's duty to appoint counsel for the minor child is triggered by "receipt of the opposition." The statutory language does not specify a "timely opposition" and, thus, does not contain a temporal element. We will not read one into the statute.[6]
More importantly, a child's individual best interests warrant protection by independent legal representation. A child's fundamental right to independent counsel cannot be waived, see La. Ch.C. art. 1244.1(B), much less thwarted by any procedural technicality.
In this case, we find that the trial court abused its discretion in failing to appoint independent counsel to represent K.S.S. at all times after the opposition was filed. This fundamental defect necessitates that we reverse the judgment at issue and remand this matter to the trial court for the appointment of independent counsel for K.S.S. for a new trial. See Fox v. Fox , 97-1914 (La. App. 1 Cir. 11/6/98), 727 So.2d 514, 517, writ denied , 99-0265 (La. 3/19/99), 740 So.2d 119.
Conclusion
For the foregoing reasons, the trial court's judgment terminating A.L.S., Jr.'s parental rights and ordering the intrafamily adoption of K.S.S. by J.N.M. is reversed and remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.

The initials of the parties will be used to protect and maintain the privacy of the minor child involved in this proceeding. In re J.A. , 99-2905 n.1 (La. 01/12/00), 752 So.2d 806, 807.

On July 24, 2017, A.L.S., Jr. filed exceptions of prematurity, failure to join a necessary party, and lack of subject matter jurisdiction, which required numerous hearings. On September 22, 2017, A.L.S., Jr. moved to dismiss his exceptions, which was granted on September 28, 2017.

Because we find the fundamental defect of failure to appoint counsel requires reversal and remand, we pretermit discussion of all remaining assignments of error raised by A.L.S., Jr.

La. Ch.C. art. 1244.1 provides:
A. A parent, whose rights have not been terminated in accordance with Title X or XI or who has not previously consented to the adoption in accordance with Article 1244, may oppose the adoption of his child by filing a clear and written answer and opposition to the adoption. The answer and opposition shall be filed with the court within fifteen days from the time of service of the filing of an intrafamily adoption petition.
B. Upon receipt of the opposition, the court shall appoint an attorney to represent the child, subject to the limitations in Article 1121. Neither the child nor anyone purporting to act on his behalf may be permitted to waive this right. The costs of the representation of the child shall be taxed as costs of court.
C. When the opposition provides that the parent cannot afford to hire an attorney, the court shall determine whether due process requires the appointment of counsel within twenty-one days of the filing of the opposition.
D. Notice shall be served in accordance with Articles 1133 and 1134 on the opposing parent, the legal custodian, the petitioner, counsel appointed for the child, counsel appointed for the parent, and the other parent not consenting to the adoption pursuant to Article 1144 or whose rights have not previously been terminated.

La. Ch.C. art.1121 provides:
A. In all surrenders for private adoption, the surrendering parent and his representative, if applicable, or the child's tutor, as provided in Article 1108, shall be represented at the execution of the act by an attorney at law licensed to practice law in Louisiana; however, the attorney representing such person shall not be the attorney who represents the person who is the prospective adoptive parent, or an attorney who is an associate, partner, shareholder, or employee of the attorney, law firm, or corporation representing the prospective adoptive parent.
B. Counsel for the surrendering parent shall execute an affidavit of counsel, which shall be attached to the act of surrender.
C. The affidavit of counsel shall recite that counsel for the surrendering parent has fully explained to the parent the nature and effect of the act of surrender, including the penalties for making false statements in the act of surrender provided in R.S. 14:125.2, and that the parent appeared to understand the explanation given, that the parent freely and voluntarily executed the surrender, and that a copy of the act as executed has been provided to the surrendering parent.

"When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. 9 ; La. R.S. 1:3 and 1:4 ; Mayeux v. Charlet , 16-1463 (La. 10/28/16), 203 So.3d 1030, 1036.