NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-40

IN RE: G.B.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 5717
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Candyce G. Perret, and Gary J. Ortego, Judges.

VACATED AND REMANDED WITH INSTRUCTIONS.

**C.C.L.**
**In Proper Person**
**326 Shoreline Drive**
**Natchitoches, LA  71457**
**(318) 357-8991**
**DEFENDANT/APPELLANT**

**Robert C. Owsley**
**Murchison & Murchison, L.L.C.**
**Post Office Box 226**
**Natchitoches, LA  71458-0226**
**(318) 352-2302**
**COUNSEL FOR APPELLEES:**
  **R.J.H.**
  **S.H.**

**PERRET, Judge.**

C.C.L.,[1] the biological father of the minor child, G.C.B.B., appeals the trial court's judgment terminating his parental rights and allowing the final adoption of the minor child by the maternal great grandparents, R.J.H. and S.H. For the following reasons, we vacate and remand with instructions.

**FACTS AND PROCEDURAL HISTORY:**

On August 29, 2022, R.J.H. and S.H. filed a Petition for Intrafamily Adoption stating that they are the great-grandparents of G.C.B.B., who was born on September 3, 2015, in Natchitoches, Louisiana. R.J.H. and S.H. assert that K.L.B. is the biological mother of G.C.B.B. but that her whereabouts are unknown and that she "has refused or failed to communicate or attempt to communicate with the minor child for a period of at least six (6) months. Therefore, her consent is not required." R.J.H. and S.H. further assert that C.C.L. is the biological father of G.C.B.B. but that he "has refused or failed to communicate or attempt to communicate with the minor child for a period of at least six (6) months. Therefore, his consent is not required." In the petition, R.J.H. and S.H. assert "that they have maintained physical custody of [G.C.B.B.] since the child was three weeks old" and that the trial court granted them legal custody of G.C.B.B. on September 24, 2018.

On August 30, 2022, Mr. Dmitrc Burnes was appointed to represent K.L.B. in these proceedings. On October 26, 2022, Mr. Burnes filed an Affidavit of Diligent Search and Inquiry attesting to the fact that K.L.B.'s address is unknown.

On October 21, 2022, C.C.L. filed a pro se letter of opposition to the minor child's adoption. C.C.L. specifically stated that he is "in total opposition of this

---

[1] The initials of the parties will be used to protect and maintain the privacy of the minor child involved in this proceeding. *See* Uniform Rules–Courts of Appeal, Rule 5-2.

adoption request filed by [R.J.H.] and [S.H.][,]" that "it is in [G.C.B.B.]'s best interest for him to be in [his] custody and care[,]" and that he "never wished to relinquish [his] parental rights."

Unaware that C.C.L. had filed a pro se opposition on Thursday, October 21, 2022, the trial court and the petitioners continued with the pre-scheduled hearing on Monday, October 25, 2022. At that hearing, appearances were made by counsel for petitioners (Robert C. Owsley) and the curator for K.L.B. (Dmitric Burnes), who participated in the hearing through zoom; however, C.C.L. was not present at the hearing. After hearing the testimony of R.J.H. and S.H., the trial judge signed a final decree of adoption. On November 3, 2022, an amended judgment granting the adoption was signed.

On November 28, 2022, the trial court granted C.C.L.'s motion for appeal.

**DISCUSSION:**

On appeal, C.C.L. alleges that (1) the trial court failed to schedule a new court date and/or appoint independent counsel to represent G.C.B.B. at the hearing once he filed his pro se opposition to the adoption, (2) the trial court erred in finding that he had no contact with G.C.B.B. for a period of over six months, and (3) the trial court erred in not considering the petitioners' ages and health.

Upon reviewing the record and jurisprudence, we find merit to C.C.L.'s argument that the trial court committed legal error when it failed to appoint independent counsel to represent G.C.B.B. at the hearing once C.C.L. filed his opposition to the adoption, which was filed into the record on October 21, 2022. Louisiana Children's Code Article 1244.1, titled "Opposition to intrafamily adoption; time limitations; appointment of counsel; attorney fees" provides as follows:

2

A. A parent, whose rights have not been terminated in accordance with Title X or XI or who has not previously consented to the adoption in accordance with Article 1244, may oppose the adoption of his child by filing a clear and written answer and opposition to the adoption. The answer and opposition shall be filed with the court within fifteen days from the time of service of the filing of an intrafamily adoption petition.

B. Upon receipt of the opposition, the court shall appoint an attorney to represent the child, subject to the limitations in Article 1121. Neither the child nor anyone purporting to act on his behalf may be permitted to waive this right. The costs of the representation of the child shall be taxed as costs of court.

C. When the opposition provides that the parent cannot afford to hire an attorney, the court shall determine whether due process requires the appointment of counsel within twenty-one days of the filing of the opposition.

D. Notice shall be served in accordance with Articles 1133 and 1134 on the opposing parent, the legal custodian, the petitioner, counsel appointed for the child, counsel appointed for the parent, and the other parent not consenting to the adoption pursuant to Article 1144 or whose rights have not previously been terminated.

The fifth circuit addressed this exact issue in *In re K.S.S. Applying for Intrafamily Adoption*, 18-103, p. 4 (La.App. 5 Cir. 8/21/18), 253 So.3d 1311, 1314, and concluded that "[a] child's fundamental right to independent counsel cannot be waived, *see* La. Ch.C. art. 1244.1(B), much less thwarted by any procedural technicality." Specifically, the fifth court stated, as follows:

La. Ch.C. art. 1244.1(B) provides,

> Upon receipt of the opposition, the court shall appoint an attorney to represent the child, subject to the limitations in Article 1121. Neither the child nor anyone purporting to act on his behalf may be permitted to waive this right. The costs of the representation of the child shall be taxed as costs of court.

The language of the statute is mandatory and is not subject to waiver. Further, adoption is a creature of statute and all of the statutory requirements must be strictly carried out. *In re T.M.L.*, 06-1442 (La.App. 1 Cir. 12/28/06), 951 So.2d 364, 366. "Throughout the Children's Code, independent counsel is typically required for the child in disputed cases." *Id.*

In a termination of parental rights proceeding like this that will profoundly affect the minor's life, La. Ch.C. art. 1244.1(B) ensures that there is independent representation of the child's interest, free from potential conflicts. We are unpersuaded by appellees' – J.N.M. and L.S.S.M. – argument that appointment of independent counsel was not required because A.L.S., Jr.'s opposition was untimely. First, the trial court's duty to appoint counsel for the minor child is triggered by "receipt of the opposition." The statutory language does not specify a "timely opposition" and, thus, does not contain a temporal element. We will not read one into the statute.

More importantly, a child's individual best interests warrant protection by independent legal representation. A child's fundamental right to independent counsel cannot be waived, *see* La. Ch.C. art. 1244.1(B), much less thwarted by any procedural technicality.

*Id.* at 1313-1314 (footnotes omitted).

Similarly, in this case, C.C.L. opposed the proposed adoption on October 21, 2022. Thus, in accordance with La.Ch.Code art. 1244.1(B), the trial court was required to appoint an attorney to represent G.C.B.B. before holding the contradictory hearing on October 25, 2022. Additionally, in consideration of paragraph C of article 1244.1, and because C.C.L. filed a pro se letter of opposition, we remand with instructions for the trial court to "determine whether due process [and fundamental fairness] requires the appointment of counsel within twenty-one days of the filing of the opposition." *See In re: D.L.D.*, 53,758 (La.App. 2 Cir. 1/13/21), 310 So.3d 314 (wherein the trial court was required to inquire into whether biological father's due process rights necessitated the appointment of legal counsel to him during intrafamily adoption proceeding when father filed a pro se opposition but did not specifically request appointment of counsel).

For these reasons, we hereby vacate the trial court's November 3, 2022 amended judgment that granted the Petition for Intrafamily Adoption. This matter is remanded with instructions to the trial court to appoint independent counsel to represent G.C.B.B., the minor child, and for the trial court to inquire as to whether

C.C.L. is entitled to appointment of counsel. Costs of this appeal are assessed equally to the parties.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.